METHODIST HEALTHCARE SYSTEM OF SAN ANTONIO, LTD., L.L.P., W.C. Schorlemer, M.D., and Robert Schorlemer, M.D., Petitioners,

v.

Emmalene RANKIN, Respondent.

No. 08–0316.

Supreme Court of Texas.

Argued Sept. 9, 2009.

Decided March 12, 2010.

Rehearing Denied May 7, 2010.

Rosemarie Kanusky, Bertina Buran York, Charles A. Deacon, W. Wendell Hall, Fulbright & Jaworski L.L.P., San Antonio, for Petitioners, Methodist Healthcare System of San Antonio, Ltd.

R. Brent Cooper, Diana L. Faust, Devon J. Singh, Richard Clark Harrist, Cooper & Scully, P.C., Scot Tyler Scheuerman, Scheuerman Law Firm, San Antonio, for Petitioners, Robert Schorlemer, M.D.

Carl Robin Teague, David M. Adkisson, Begum & Tijerina, L.L., San Antonio, for Respondent.

Michael S. Hull, Hull Hendricks & Mac-Rae, L.L.P., Austin, for Amicus Curiae Texas Alliance for Patient Access.

Lisa Bowlin Hobbs, Vinson & Elkins, LLP, Austin, for Amicus Curiae Texas Health Resources.

James C. Ho, Solicitor General of Texas, for Amicus Curiae State of Texas.

Justice WILLETT delivered the opinion of the Court.

This case pits the ten-year statute of repose for healthcare-liability claims[1] against the Texas Constitution's Open Courts provision.[2] We examine for the first time whether the latter saves a malpractice claim if the former has expired. The answer is no.

The Open Courts provision does not confer an open-ended and perpetual right to sue; it "merely gives litigants a reasonable time to discover their injuries and file suit."[3] The Legislature may set an absolute cut-off point for healthcare

---

1. TEX. CIV. PRAC. & REM.CODE § 74.251(b).

2. TEX. CONST. art. I, § 13.

3. *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 784 (Tex.2007).

suits, as it has for other suits,[4] so long as the repose period is a reasonable exercise of the Legislature's police power to act in the interest of the general welfare. The ten-year statute of repose at issue adopts a constitutionally permissible policymaking judgment of the Legislature. Accordingly, we reverse the judgment of the court of appeals and render judgment for the petitioners.

## I. Background

After experiencing abdominal pain, Emmalene Rankin consulted a physician in July 2006 and learned that a surgical sponge had been left inside her during a November 1995 hysterectomy. Rankin sued the hospital where the operation was performed, Southwest Texas Methodist Hospital, and two physicians, Robert and Wendell Schorlemer.

Rankin filed her suit, however, in October 2006, almost eleven years after the alleged negligence. The defendants moved for summary judgment, arguing that Rankin's claim was barred by section 74.251(b) of the Civil Practice and Remedies Code, the ten-year statute of repose for healthcare-liability claims. Rankin submitted evidence that she did not know of the sponge and could not have discovered it in the exercise of reasonable care prior to expiration of the ten-year repose period.

Section 74.251(b) provides:

A claimant must bring a health care liability claim not later than 10 years after the date of the act or omission that gives rise to the claim. This subsection is intended as a statute of repose so that all claims must be brought within 10 years or they are time barred.[5]

The trial court granted summary judgment, but the court of appeals reversed, holding the statute unconstitutional under the Open Courts provision.[6] This appeal followed.

## II. Analysis

When reviewing the constitutionality of a statute, we presume "that the Legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable."[7] "The burden is on him who attacks a law for unconstitutionality and courts need not exert their ingenuity to find reasons for holding the law invalid."[8]

Under the Open Courts provision, "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."[9] In *Lebohm v. City of Galveston*,[10] the Court undertook its first in-depth analysis of the Open Courts provision. Justice Calvert, writing for a unanimous Court, formulated the test that we follow today:

---

4. *See* Tex. Civ. Prac. & Rem.Code §§ 16.008 (repose for actions against architects, engineers, interior designers, and landscape architects), 16.009 (repose for actions against a person who constructs or repairs an improvement to real property), and 16.011 (repose for actions against a registered public surveyor or a licensed state land surveyor).

5. Tex. Civ. Prac. & Rem.Code § 74.251(b).

6. 261 S.W.3d 93, 103.

7. *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex. 1968).

8. *Tex. Nat'l Guard Armory Bd. v. McCraw*, 132 Tex. 613, 126 S.W.2d 627, 634 (1939).

9. Tex. Const. art. I, § 13.

10. 154 Tex. 192, 275 S.W.2d 951 (1955).

[L]egislative action withdrawing common-law remedies for well established common-law causes of action for injuries to one's "lands, goods, person or reputation" is sustained only when it is reasonable in substituting other remedies, or when it is a reasonable exercise of the police power in the interest of the general welfare. Legislative action of this type is not sustained when it is arbitrary or unreasonable.[11]

We have quoted this language with approval in later decisions.[12]

The statute at issue is a statute of repose, not a statute of limitations, and our analysis must appreciate that the two are not synonymous. We recently recognized that "there are significant differences between the two."[13] The Legislature stated explicitly that section 74.251(b) "is intended as a statute of repose" applicable to "all claims."

The term "statute of repose" may not submit to a simple, universal definition. Generally, a statute of repose specifies a longer period than that found in the statute of limitations applicable to the same cause of action.[14] Statutes of repose begin to run on a readily ascertainable date, and unlike statutes of limitations, a statute of repose is not subject to judicially crafted rules of tolling or deferral.[15]

Indeed, the key purpose of a repose statute is to eliminate uncertainties under the related statute of limitations and to create a final deadline for filing suit that is not subject to any exceptions,[16] except perhaps those clear exceptions in the statute itself.[17] Without a statute of repose, professionals, contractors, and other actors would face never-ending uncertainty as to liability for their work. Insurance coverage and retirement planning would always remain problematic, as would the unending anxiety facing potential defendants.[18] In

---

**11.** *Id.* at 955 (on rehearing).

**12.** *Trinity River Auth. v. URS Consultants, Inc.-Tex.,* 889 S.W.2d 259, 262 (Tex.1994); *Sax v. Votteler,* 648 S.W.2d 661, 665 (Tex. 1983); *Waites v. Sondock,* 561 S.W.2d 772, 774 (Tex.1977).

**13.** *Galbraith Eng'g Consultants, Inc. v. Pochucha,* 290 S.W.3d 863, 866 (Tex.2009).

**14.** *See* TEX. CIV. PRAC & REM.CODE §§ 16.008 (ten-year repose statute for actions against architects, engineers, interior designers, and landscape architects), 16.009 (ten-year repose statute for actions against a person who constructs or repairs an improvement to real property), and 16.011 (ten-year repose statute for actions against a registered public surveyor or a licensed state land surveyor).

**15.** *E.g.,* TEX. CIV. PRAC. & REM.CODE § 16.011(a)(ten-year repose statute for actions against a registered public surveyor or a licensed state land surveyor begins to run on "the date the survey is completed" for surveys completed on or after September 1, 1989); *see also* 51 AM. JUR. 2D *Limitation of Actions* § 12 (2000) ("[A] statute of repose extinguishes a cause of action after a fixed period of

time (usually measured from the delivery of the product, the completion of the work, or some other action of the defendant), regardless of when the cause of action accrued."); *Trinity River Auth.,* 889 S.W.2d at 261 ("Unlike traditional limitations provisions, which begin running upon accrual of a cause of action, a statute of repose runs from a specified date without regard to accrual of any cause of action.").

**16.** *See* 51 AM. JUR. 2D *Limitation of Actions* §§ 12, 18 (2000) (explaining that unlike statutes of limitations, repose statutes "reflect the legislative conclusion that a point in time arrives beyond which a potential defendant should be immune from liability for past conduct").

**17.** *E.g.,* TEX. CIV. PRAC. & REM.CODE § 16.011(b) (providing that if the claimant presents a written claim during the 10-year repose period, the period is extended for two years from the date the claim is presented).

**18.** *See Goad v. Celotex Corp.,* 831 F.2d 508, 511 (4th Cir.1987) ("In contrast to statutes of limitation, statutes of repose serve primarily

recognizing the absolute nature of a statute of repose, we have explained that "while statutes of limitations operate procedurally to bar the enforcement of a right, a statute of repose takes away the right altogether, creating a substantive right to be free of liability after a specified time." [19] The Legislature could reasonably conclude that the general welfare of society, and various trades and professions that serve society, are best served with statutes of repose that do not submit to exceptions even if a small number of claims [20] are barred through no fault of the plaintiff, since "the purpose of a statute of repose is to provide 'absolute protection to certain parties from the burden of indefinite potential liability.' " [21] The whole point of layering a statute of repose over the statute of limitations is to "fix an outer limit beyond which no action can be maintained." [22] One practical upside of curbing open-ended exposure is to prevent defendants from answering claims where evidence may prove elusive due to unavailable witnesses (perhaps deceased), faded memories, lost or destroyed records, and institutions that no longer exist.

Rankin argues that the statute is unreasonable, and thus unconstitutional, because it cut off her right to sue before she had an opportunity to discover her injury. But Open Courts analysis is not quite this myopic; focusing solely on Rankin's lost right to sue ignores the broader societal concerns that spurred the Legislature to act.

Section 74.251(b) was enacted in 2003 as part of House Bill 4, a top-to-bottom overhaul of Texas malpractice law to "make affordable medical and health care more accessible and available to the citizens of Texas," [23] and to "do so in a manner that will not unduly restrict a claimant's rights any more than necessary to deal with the crisis." [24] The omnibus bill makes explicit findings describing the Legislature's concern that a spike in healthcare-liability claims had fueled an insurance crisis that was harming healthcare delivery in Texas.[25] The Legislature specifically found that the crisis had often made insurance unavailable at any price.[26] The Legislature made these findings after conducting hearings and amassing evidence of the problems facing healthcare providers as a result of enduring liability claims for indeterminate periods of time. We have recognized "that the length of time that insureds are exposed to potential liability

to relieve potential defendants from anxiety over liability for acts committed long ago.").

19. *Galbraith Eng'g*, 290 S.W.3d at 866.

20. Rankin offered no evidence that a significant number of claims are barred by the operation of the repose statute in issue. One study has determined that ninety-nine percent of claims brought against OB–GYNs are reported within nine years. Michael S. Hull et al., *House Bill 4 and Proposition 12: An Analysis with Legislative History, Part Three*, 36 Tex. Tech. L.Rev 169, 188 (2005). In upholding a ten-year statute of repose applicable to architects and engineers as striking "a fair balance between the legislative purpose of protecting against stale claims and the rights of litigants to obtain redress for injuries," we cited a study finding that 99.6 percent of

claims against architects were brought within ten years. *Trinity River Auth. v. URS Consultants, Inc.-Tex.*, 889 S.W.2d 259, 264 & n. 6 (Tex.1994).

21. *Galbraith Eng'g*, 290 S.W.3d at 866 (quoting *Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex.2003)).

22. *Holubec*, 111 S.W.3d at 37.

23. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.11(b)(5), 2003 Tex. Gen. Laws 847, 884–85.

24. *Id.* § 10.11(b)(3).

25. *Id.* § 10.11(a).

26. *Id.* § 10.11(a)(10).

has a bearing on the rates that insurers must charge." [27]

In enacting the repose piece of House Bill 4, lawmakers made a fundamental policy choice: the collective benefits of a definitive cut-off are more important than a particular plaintiff's right to sue more than a decade after the alleged malpractice. A few plaintiffs such as Rankin will encounter the Legislature's statutory roadblock, unable to bring claims through no fault of their own, but some defendants would likewise suffer unfortunate consequences were potential liability left indeterminate. The constitutional inquiry is whether the Legislature acted unreasonably or arbitrarily. We cannot brand as arbitrary lawmakers' policy rationales for granting healthcare providers a substantive right to be free from liability after ten years, even if a plaintiff could have discovered her injury no sooner.

Surveying legislation around the nation, repose statutes for medical-negligence cases are commonplace. Many jurisdictions have enacted such statutes for malpractice claims,[28] and Texas' ten-year period is the longest of them all. Fourteen of these repose statutes are expressly inapplicable to foreign-object claims [29]—not true of section 74.251(b)—and of twenty other statutes that apply equally to "sponge cases," no statute gives plaintiffs more time to sue than the Texas statute.[30]

Other jurisdictions have rejected constitutional challenges to repose statutes in medical-malpractice cases premised on open courts provisions or similar provisions guaranteeing the right to a remedy,[31]

**27.** *Sax v. Votteler,* 648 S.W.2d 661, 667 (Tex. 1983).

**28.** *See infra* notes 29–30.

**29.** Cal.Civ.Proc.Code § 340.5 (West 2010); Colo.Rev.Stat. § 13–80–102.5(3)(b) (2009); Ga.Code Ann. § 9–3–72 (2009); Iowa Code Ann. § 614.1(9)(a) (West 2010); Mass. Gen. Laws Ann. ch. 260, § 4 (West 2010); Miss.Code Ann § 15–1–36(2)(a) (2009); Ohio Rev.Code Ann. § 2305.113(D)(2) (LexisNexis 2010); 40 Pa. Stat. Ann. § 1303.513(b) (West 2009); S.C. Code Ann. § 15–3–545(B) (2009); Tenn.Code Ann. § 29–26–116(a)(4) (2009); Utah Code Ann. § 78B–3–404(2)(a) (2009); Vt Stat. Ann tit. 12, § 521 (2009); Wash. Rev.Code Ann. § 4.16.350 (West 2010); Wis. Stat Ann. § 893.55(1m)(3) (West 2009).

**30.** Three states and one territory have a three-year statute of repose. Conn. Gen.Stat. Ann. § 52–584 (West 2005); La.Rev.Stat. Ann. § 9:5628(a) (2010); Nev.Rev.Stat Ann. § 41A.097(2) (LexisNexis 2009); Guam Code Ann. tit. 7, § 11308 (2009). Four states have a four-year statute of repose. Ala.Code § 6–5–482 (2009); Fla. Stat. Ann. § 95.11(4)(b) (West 2009); 735 Ill. Comp. Stat. Ann 5/13–212(a) (West 2010); Kan. Stat. Ann. § 60–513(c) (2010). Four states have a five-year statute of repose. Ky.Rev.Stat. Ann. § 413.140(2) (LexisNexis 2010); Md.Code

Ann., Cts. & Jud. Proc. § 5–109(a)(1) (LexisNexis 2010); Mont.Code Ann. § 27–2–205(1) (2009); Or.Rev.Stat. § 12.110(4) (2007). Three states have a six-year statute of repose. Haw Rev. Stat. Ann. § 657–7.3 (LexisNexis 2009); Mich. Comp. Laws Ann. § 600.5838a(2) (West 2000); N.D. Cent.Code § 28–01–18(3) (2009). Five states other than Texas have a ten-year statute of repose. Mo. Ann. Stat. § 516.105(3) (West 2009); N.C. Gen.Stat. § 1–15(c) (2009); Neb.Rev.Stat. Ann. § 44–2828 (LexisNexis 2009); Va.Code Ann. § 8.01–243(C) (2009); W. Va.Code Ann. § 55–7B–4(a) (LexisNexis 2009).

**31.** *See Aicher v. Wis. Patients Comp. Fund,* 237 Wis.2d 99, 613 N.W.2d 849 (2000); *Schendt v. Dewey,* 246 Neb. 573, 520 N.W.2d 541, 547 (1994); *Choroszy v. Tso,* 647 A.2d 803 (Me.1994); *Kush v. Lloyd,* 616 So.2d 415, 419–22 (Fla.1992); *Hawley v. Green,* 117 Idaho 498, 788 P.2d 1321, 1323–24 (1990); *Mega v. Holy Cross Hosp.,* 111 Ill.2d 416, 95 Ill.Dec. 812, 490 N.E.2d 665, 668–71 (1986); *Barlow v. Humana, Inc.,* 495 So.2d 1048 (Ala.1986); *Crier v. Whitecloud,* 496 So.2d 305, 309–10 (La.1986); *Hill v. Fitzgerald,* 304 Md. 689, 501 A.2d 27, 33–35 (1985); *Dunn v. St. Francis Hosp., Inc.,* 401 A.2d 77, 80–81 (Del.1979); *Harrison v. Schrader,* 569 S.W.2d 822, 827–28 (Tenn.1978); *Barke v. Maeyens,* 176 Or.App. 471, 31 P.3d 1133, 1136–39 (2001); *Golden v.*

with two inapposite exceptions.[32] And most of the failed challenges were to statutes with much shorter repose periods than in Texas.[33] Rankin acknowledges there is no statutory exception in section 74.251(b) for foreign-object cases, but argues "the Legislature appropriately deferred to this Court to make an exception under the open courts provision on a case-by-case basis." The Texas Legislature, unlike legislatures in other states,[34] has not enacted an exception to its repose statute for foreign-body cases, nor is there any indication that it intended to give this Court authority to adopt such an exception on a case-by-case basis. On the contrary, the Legislature expressly characterized the ten-year statute as a statute of repose,

and as explained above a statute of repose by its nature and purpose admits to no implied exceptions. This construction is particularly prudent given that the Texas repose statute for defective-product cases explicitly makes an exception for latent diseases that may stay hidden until after the repose period expires.[35] By contrast, lawmakers made clear in section 74.251(b) that the ten-year period for medical-negligence claims applies to "all claims." [36]

And of course, there is our own precedent, which rejected an Open Courts challenge to the ten-year statute of repose covering claims against architects and engineers, an area of law where injuries may also be difficult to discover.[37] Before to-

---

*Johnson Mem'l Hosp., Inc.*, 66 Conn.App. 518, 785 A.2d 234, 243–46 (2001); *Plummer v. Gillieson*, 44. Mass.App.Ct. 578, 692 N.E.2d 528, 532 (1998). *See also* Robin D. Miller, Annotation, *Validity of Medical Malpractice Statutes of Repose*, 5 A.L.R.6th 133, 161–63 (2005).

We note that in some states, the statute of repose provides minors a longer period to bring claims; they may sometimes bring claims even after the period of repose has elapsed. *See, e.g.*, HAW. REV. STAT. ANN. § 657–7.3 (LexisNexis 2009) (providing that minors may bring claims up until six years after their tenth birthday, regardless of the normal six-year repose period).

**32.** *McCollum v. Sisters of Charity of Nazareth Health Corp.*, 799 S.W.2d 15, 18–19 (Ky.1990) (examining only whether a common-law right of action existed prior to the passage of adoption of the Kentucky Constitution, but not examining whether the statute was reasonable, as Texas does); *Hardy v. VerMeulen*, 32 Ohio St.3d 45, 512 N.E.2d 626, 627–28 (1987) (examining solely whether the plaintiff had a remedy at the time he discovered his injury without an inquiry into the reasonableness of the statute).

**33.** *See, e.g.*, *Aicher v. Wis. Patients Comp. Fund*, 237 Wis.2d 99, 613 N.W.2d 849 (2000) (five-year statute); *Schendt v. Dewey*, 246 Neb. 573, 520 N.W.2d 541, 547 (1994) (ten-year statute); *Choroszy v. Tso*, 647 A.2d 803 (Me.1994) (three-year statute); *Kush v. Lloyd*,

616 So.2d 415, 419–22 (Fla.1992) (four-year statute); *Hawley v. Green*, 117 Idaho 498, 788 P.2d 1321, 1323–24 (1990) (two-year statute); *Mega v. Holy Cross Hosp.*, 111 Ill.2d 416, 95 Ill.Dec. 812, 490 N.E.2d 665, 668–71 (1986) (four-year statute); *Barlow v. Humana, Inc.*, 495 So.2d 1048 (Ala.1986) (four-year statute); *Crier v. Whitecloud*, 496 So.2d 305, 309–10 (La.1986) (three-year statute); *Hill v. Fitzgerald*, 304 Md. 689, 501 A.2d 27, 33–35 (1985) (five-year statute); *Dunn v. St. Francis Hosp., Inc.*, 401 A.2d 77, 80–81 (Del.1979) (three-year statute); *Harrison v. Schrader*, 569 S.W.2d 822, 827–28 (Tenn.1978) (three-year statute); *Barke v. Maeyens*, 176 Or.App. 471, 31 P.3d 1133, 1136–39 (2001) (five-year statute); *Golden v. Johnson Mem'l Hosp., Inc.*, 66 Conn.App. 518, 785 A.2d 234, 243–46 (2001) (three-year statute); *Plummer v. Gillieson*, 44 Mass.App.Ct. 578, 692 N.E.2d 528, 532 (1998) (seven-year statute).

**34.** *See supra* note 29.

**35.** TEX. CIV. PRAC. & REM.CODE § 16.012(d)(3).

**36.** TEX. CIV. PRAC. & REM.CODE § 74.251(b) ("This subsection is intended as a statute of repose so that all claims must be brought within 10 years or they are time barred.").

**37.** *Trinity River Auth. v. URS Consultants, Inc.-Tex.*, 889 S.W.2d 259, 261–63 (Tex.1994). However, *Trinity River Authority* held that the statute of repose did not violate the Open

day's case, numerous courts of appeals' decisions have addressed the constitutionality of various Texas statutes of repose, and have upheld them every time.[38]

Section 74.251(b) is a reasonable exercise of the Legislature's police power to provide a certain cutoff to claims after an ample period of ten years, five times longer than the general limitations period for bringing a negligence action,[39] and five times longer than the general limitations period for bringing a healthcare-liability claim.[40] As one court of appeals has noted in a decision where we found no reversible error, and as is apparent, "the ten-year limit is substantially more protective of individual rights than the two-year limit" found in the corresponding statute of limitations.[41] We presume that the Legislature's judgment was not an arbitrary or unreasonable exercise of its police power, and Rankin has offered no compelling argument or proof to the contrary.

The court of appeals held section 74.251(b) unconstitutional because it restricted Rankin's right to sue "before she had a reasonable opportunity to discover the wrong and bring suit," [42] but the essential function of all statutes of repose is to abrogate the discovery rule and similar exceptions to the statute of limitations. The court of appeals saw little to distinguish statutes of limitations and statutes of repose.

■ A statute of repose, by design, creates a right to repose precisely where the applicable statute of limitations would be tolled or deferred. More to the point, a statute of repose serves no purpose *unless* it has this effect. To hold that a statute of repose must yield to the plaintiff's inability to discover her injury would treat a statute of repose like a statute of limitations, and would effectively repeal this and all other statutes of repose. To quote our recent discussion in *Galbraith Engineering Consultants, Inc. v. Pochucha*:

> Such a construction would defeat the recognized purpose for statutes of repose, … unaffected by rules of discovery or accrual. As already observed,

---

Courts provision because it did not abrogate a well-established common-law cause of action, an issue we do not reach. *Id.* at 262–63.

**38.** *See Zaragosa v. Chemetron Invs., Inc.,* 122 S.W.3d 341 (Tex.App.-Fort Worth 2003, no pet.); *Gordon v. W. Steel Co.,* 950 S.W.2d 743 (Tex.App.-Corpus Christi 1997, writ denied); *Dallas Mkt. Ctr. Dev. Co. v. Beran & Shelmire,* 824 S.W.2d 218 (Tex.App.-Dallas 1991, writ denied); *Barnes v. J.W. Bateson Co.,* 755 S.W.2d 518 (Tex.App.-Fort Worth 1988, no writ); *Dubin v. Carrier Corp.,* 731 S.W.2d 651 (Tex.App.-Houston [1st Dist.] 1987, no writ); *Suburban Homes v. Austin–Nw. Dev. Co.,* 734 S.W.2d 89 (Tex.App.-Houston [1st Dist.] 1987, no writ); *Nelson v. Metallic–Braden Bldg. Co.,* 695 S.W.2d 213 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.); *McCulloch v. Fox & Jacobs, Inc.,* 696 S.W.2d 918 (Tex.App.-Dallas 1985, writ ref'd n.r.e.); *Sowders v. M.W. Kellogg Co.,* 663 S.W.2d 644 (Tex.App.-Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Ellerbe v. Otis Elevator Co.,* 618 S.W.2d 870 (Tex.App.- Houston [1st Dist.] 1981, writ ref'd n.r.e.); *Hill v. Forrest & Cotton, Inc.,* 555 S.W.2d 145 (Tex.Civ.App.-Eastland 1977, writ ref'd n.r.e). In addition, the United States Court of Appeals for the Fifth Circuit has at least twice upheld other Texas statutes of repose against Open Courts challenges. *See Burlington N. & Santa Fe Ry. Co. v. Poole Chem. Co.,* 419 F.3d 355, 361 (5th Cir.2005) (holding fifteen-year statute of repose for certain defective-products claims does not violate Open Courts provision); *Brown v. M.W. Kellogg Co.,* 743 F.2d 265, 268 (5th Cir.1984) (holding that the ten-year statute of repose for architects, engineers, and builders does not violate the Open Courts provision).

**39.** TEX. CIV. PRAC. & REM.CODE § 16.003.

**40.** *Id.* § 74.251(a).

**41.** *McCulloch,* 696 S.W.2d at 925.

**42.** 261 S.W.3d at 96.

statutes of repose create a substantive right to be free from liability after a legislatively determined period. In contrast, statutes of limitations are procedural devices operating as a defense to limit the remedy available from an existing cause of action. A statute of repose thus represents the Legislature's considered judgment as to the inadequacy of the traditional statutes of limitations for some types of claims.[43]

Under the court of appeals' decision, all plaintiffs have a "reasonable time" to discover their injuries,[44] a holding that means never-ending exposure to liability, which in turn injects actuarial uncertainty into the insurance market. This indefiniteness wholly undermines the purpose of House Bill 4 and of statutes of repose generally: to declare a no-exceptions cut-off point and grant a substantive right to be free of liability. Repose statutes are not exempt from Open Courts challenges, but the reviewing court cannot ignore the Legislature's broader reasons for limiting a litigant's rights and its considered judgment in exercising its police power in the interest of the general welfare.

The court of appeals also relied on language from *Trinity River Authority v. URS Consultants, Inc.-Texas,*[45] where we upheld a statute of repose, but noted:

> [T]his Court's decision in [*Robinson v. Weaver,* 550 S.W.2d 18 (Tex.1977)], illustrates the important public purpose underlying statutes of repose. We held in that case that the discovery rule does not apply to cases of medical misdiagnosis. Unlike malpractice based on leaving a foreign object in the patient's body, or negligently performing a vasectomy, there is often no physical evidence establishing a misdiagnosis, thus increasing the risk of stale or even fraudulent claims.[46]

This language does not compel us to rule that foreign-object cases cannot constitutionally be subjected to a statute of repose in light of the Open Courts provision. First, while we referred generically to "statutes of repose" in the quotation, *Robinson* did not in fact concern a statute of repose at all, but a two-year statute of limitations. Second, *Robinson* did not involve a constitutional challenge; it did not decide whether the statute of limitations in issue could survive a challenge under the Open Courts provision or any other constitutional provision. *Robinson* held that the discovery rule applicable to sponge cases was not applicable to a medical misdiagnosis case. Third, our discussion of *Robinson* was in a section of *Trinity River Authority* discussing the constitutionality of the statute of repose under federal and state substantive due process requirements. The Court had already finished its analysis under the Open Courts provision and ultimately rejected all constitutional challenges to the statute. In short, the quotation, read in context, does not hold or fairly imply that the Court would view a ten-year statute of repose in foreign-object cases as necessarily vulnerable to an Open Courts challenge.

The Legislature could have excepted foreign-body cases from the statute of repose, as some states have done.[47] But such an exception would introduce its own form of arbitrariness, since it would apply

43. 290 S.W.3d 863, 868 (Tex.2009) (citations omitted).

44. 261 S.W.3d at 103.

45. 889 S.W.2d 259 (Tex.1994).

46. 261 S.W.3d at 100 (emphasis omitted) (quoting *Trinity River Auth.,* 889 S.W.2d at 263–64) (citations omitted).

47. *See supra* note 29.

even to those foreign-body cases, such as needle cases, where the surgeon's error is not particularly likely to go undetected for long periods. Regardless, the fact that the Legislature could have excepted foreign-body cases does not render the statute that was enacted unconstitutional. Our constitutional review asks only if the statute represents "a reasonable exercise of the police power in the interest of the general welfare," [48] a review that focuses on whether the legislation is "arbitrary or unreasonable." [49] As detailed above, the statute survives this test.

## III. Conclusion

We have never declared a statute of repose unconstitutional and decline to do so today. Section 74.251(b)'s grant of absolute protection against indefinite potential liability does not violate the Texas Constitution. The Open Courts provision confers a constitutional right of access but not an everlasting one. Texas' ten-year repose period will weigh heavily on a small number of plaintiffs like Rankin, who belatedly discover a *res-ipsa*-like injury. A statute of repose, by design, will always bar some otherwise-valid claims, but that result is the whole point of a statute of repose, and "is the price of repose." [50]

The Legislature considered competing public and private interests and determined that ten years, the most generous repose period in the nation, is a reasonable final deadline regardless of accrual or discovery issues. Giving wide berth to the Legislature's policy judgments, as we must, we cannot say lawmakers offended the Constitution by cutting off malpractice claims after giving claimants a decade to bring suit. We thus reverse the court of appeals' judgment and render a take-nothing judgment in favor of the petitioners.

---

48. *Lebohm v. City of Galveston,* 154 Tex. 192, 275 S.W.2d 951, 955 (1955) (on rehearing).

49. *Id.*

50. *S.V. v. R.V.,* 933 S.W.2d 1, 23 (Tex.1996).