# IN THE SUPREME COURT OF TEXAS

════════════
No. 13-0096
════════════

TENET HOSPITALS LIMITED, A TEXAS LIMITED PARTNERSHIP D/B/A PROVIDENCE
MEMORIAL HOSPITAL, AND MICHAEL D. COMPTON, M.D., PETITIONERS

v.

ELIZABETH RIVERA, AS NEXT FRIEND FOR M.R., RESPONDENT

════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS
════════════════════════════════════════════════════════

JUSTICE LEHRMANN, dissenting.

Statutes of repose present harsh barriers to the administration of justice. Today the Court

extends this obstacle to situations involving the most vulnerable amongst us—our children. And it

does so under the false notion that all parents can and do adequately protect their children. However,

the sad reality is that the needs of too many children—our most valuable resource—are not

satisfactorily addressed by their parents. While the Texas Medical Liability Act's repose statute

requires a health care liability claim to be brought within ten years of the date medical treatment is

provided, we have never held that this statute may properly apply to bar the claims of innocent

children. To the contrary, we have consistently held that statutes of limitations that similarly purport

to bar a child's claim violate the Texas Constitution.

In the underlying suit, M.R. was injured during childbirth, allegedly as a result of the negligence of the treating physician and hospital. M.R.'s mother, Elizabeth Rivera, filed suit on M.R.'s behalf more than ten years later. M.R. was seven years old when the repose statute took effect. The Court holds today that, as applied to M.R., the statute violates neither the Texas Constitution's open courts provision nor its prohibition against retroactive laws. In so holding, the Court attributes Rivera's apparent lack of diligence to her daughter and concludes that M.R. had a reasonable opportunity to sue through Rivera before the statute took effect. Because this holding contradicts well-settled precedent in which we refused to bar a minor's claim because of the action (or, more accurately, inaction) of a parent, I am compelled to respectfully express my dissent.

## I. Open Courts

The Texas Constitution's open courts provision[1] "protects a person from legislative acts that cut off a person's right to sue before there is a reasonable opportunity to discover the wrong and bring suit." *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001). Stated another way, the Legislature may not "mak[e] a remedy by due course of law contingent upon an impossible condition." *Stockton v. Offenbach*, 336 S.W.3d 610, 617–18 (Tex. 2011) (citation and internal quotation marks omitted). A statute violates the open courts provision when a litigant shows (1) he "has a cognizable common law cause of action that is being restricted," and (2) "the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute." *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 262 (Tex. 1994) (citation and internal quotation marks omitted). We have also

---

[1] "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13.

noted that a plaintiff is not entitled to relief under the open courts provision "if he does not use due diligence and sue within a reasonable time after learning about the alleged wrong." *Shah*, 67 S.W.3d at 847.

The Court holds that Rivera failed to use due diligence in filing the underlying suit on M.R.'s behalf, thereby foreclosing her open courts challenge to the statute of repose.[2] In my view, attributing Rivera's lack of due diligence to her daughter is both fundamentally unfair and contrary to our decisions in *Sax v. Votteler*, 648 S.W.2d 661 (Tex. 1983), and *Weiner v. Wasson*, 900 S.W.2d 316 (Tex. 1995).

In *Sax*, we evaluated the two-year statute of limitations on medical malpractice claims contained in a prior version of the Medical Liability Act.[3] 648 S.W.2d at 663. Before that statute was enacted, the limitations period on all tort actions by minors was tolled until two years after they reached the age of majority. *Id.* The challenged statute removed that tolling provision in medical malpractice cases, with the exception that minors under the age of six had until their eighth birthday to file such claims. *Id.* The plaintiffs in *Sax* sued a doctor for malpractice on behalf of their minor daughter more than two years after she was treated, and the defendant argued that the statute of limitations barred their claim. *Id.* We held that the admittedly legitimate purpose of the statute of limitations—generally, to increase the availability of medical practice insurance and, more

---

[2] The statute of repose at issue provides that "[a] claimant must bring a health care liability claim not later than 10 years after the date of the act or omission that gives rise to the claim." TEX. CIV. PRAC. & REM. CODE § 74.251(b).

[3] *See* Act of May 29, 1975, 64th Leg., R.S., ch. 330, § 4, 1975 Tex. Gen. Laws 864, 865 (former TEX. REV. CIV. STAT. art. 582), *repealed by* Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 41.03, 1977 Tex. Gen. Laws 2064.

specifically, to limit the length of time insureds are exposed to potential liability—did not justify "the effective abrogation of a child's right to redress." *Id.* at 666–67.

In holding that the statute violated the open courts provision, we expressly considered, and rejected, a parent's ability to sue on behalf of his child as adequately protecting the child's rights. We held:

> If the parents, guardians, or next friends of the child negligently fail to take action in the child's behalf within the time provided by article 5.82, the child is precluded from asserting his cause of action under that statute. Furthermore, the child is precluded from suing his parents on account of their negligence, due to the doctrine of parent-child immunity. The child, therefore, is effectively barred from any remedy if his parents fail to timely file suit. Respondents argue that parents will adequately protect the rights of their children. *This Court, however, cannot assume that parents will act in such a manner. It is neither reasonable nor realistic to rely upon parents, who may themselves be minors, or who may be ignorant, lethargic, or lack concern, to bring a malpractice lawsuit action within the time provided by article 5.82.*

*Id.* at 667 (emphasis added) (internal citation omitted). We concluded that "[u]nder the facts in [that] case, [the child was] forever precluded from having her day in court to complain of an act of medical malpractice," that "the [L]egislature [had] failed to provide her any adequate substitute to obtain redress," and that former article 5.82 was therefore "unconstitutional as it applie[d] to a minor's cause of action." *Id.*

Twelve years after deciding *Sax*, we reaffirmed the opinion and applied its reasoning in *Weiner*. In that case, we considered an open courts challenge to the statute that replaced article 5.82. 900 S.W.2d at 317–18. Section 10.01 of the Medical Liability and Insurance Improvement Act maintained the two-year statute of limitations for medical malpractice claims contained in article 5.82, but broadened the exception for minors to allow those under the age of twelve until their

4

fourteenth birthday to file suit. Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 10.01, 1977 Tex. Gen. Laws 2039, 2052 (former TEX. REV. CIV. STAT. art. 4590i, § 10.01), *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 884. Notwithstanding this "inconsequential" change, we held that "section 10.01, like its predecessor article 5.82, is unconstitutional as applied to minors because it purports to cut off [the minor plaintiff's] cause of action before he reaches majority, an age at which he may lawfully sue on his own behalf." *Weiner*, 900 S.W.2d at 318. In so holding, we confirmed that "*Sax* has become firmly ensconced in Texas jurisprudence." *Id.* at 320.

Our analysis in *Sax* and *Weiner* confirms that a parent's failure to use due diligence in pursuing his minor child's health care liability claim should not and does not foreclose pursuit of that claim. However, the Court concludes that these cases do not control for two reasons, neither of which is persuasive. First, the Court notes that in *Sax* and *Weiner* we evaluated the reasonableness of the statute in question, while the issue here is the diligence of the party challenging the law. ___ S.W.3d at ___. But the basis of our holding that the statutes of limitations in *Sax* and *Weiner* were unreasonable—and in turn unconstitutional—was that it was "neither reasonable nor realistic to rely upon parents, who may themselves be minors, or who may be ignorant, lethargic, or lack concern, to bring a malpractice lawsuit action" within the limitations period. *Sax*, 648 S.W.2d at 667; *see also Weiner*, 900 S.W.2d at 320 ("We fail to see any benefit in requiring a minor to show that his or her parent was incompetent or failed to act in the minor's best interests by not pursuing a medical malpractice claim, especially when the very failure of the parent to do so leaves the minor without any legal recourse."). For the same reason, we may not rely on parents to pursue their child's health

5

care liability claim with due diligence.  As in *Sax* and *Weiner*, their failure to do so leaves the minor with no legal recourse.

Second, the Court distinguishes *Sax* and *Weiner* on the grounds that they presented facial open courts challenges to the statutes at issue, while the underlying case presents an as-applied challenge that must take into account "the circumstances of Rivera's representation of M.R." ___ S.W.3d at ___. I disagree.  In *Sax* and *Weiner*, the plaintiffs contended, and we held, that the statutes at issue were unconstitutional as applied to minors whose claims were cut off before they reached the age of majority and had the legal capacity to sue.  *See Sax*, 648 S.W.2d at 667 (holding article 5.82 unconstitutional "as it applies to a minor's cause of action"); *Weiner*, 900 S.W.2d at 318 (holding section 10.01 "unconstitutional as applied to minors").  Similarly, in this case Rivera challenges the constitutionality of the Medical Liability Act's statute of repose as applied to minor plaintiffs whose claims are cut off before they reach the age of majority.  *See Adams v. Gottwald*, 179 S.W.3d 101, 102 (Tex. App.—San Antonio 2005, pet. denied) (noting that the plaintiffs challenged the constitutionality of the Medical Liability Act's statute of limitations "on its face as applied to all minors," not "as applied to [the minor at issue] and her circumstances").

The Court also relies on three distinguishable cases in which we rejected open courts challenges based on a lack of due diligence.  *Shah* provides no guidance because it involved a plaintiff who failed to use due diligence in asserting his own claim.  67 S.W.3d at 846–47.  The Court also relies on *Stockton*, in which a parent sued on behalf of her minor child and challenged the Medical Liability Act's expert-report requirement, with which she had failed to comply.  336 S.W.3d at 612.  The parent argued that the statute was "unconstitutional as applied *to her* because it was

6

impossible for her to comply with its deadline." *Id.* (emphasis added). The parent did not argue that her failures should not extinguish her child's claim, and we did not address the issue.

Finally, the Court relies on *Yancy v. United Surgical Partners International, Inc.*, in which the guardian of an incapacitated adult filed health care liability claims on behalf of her ward against some defendants within the limitations period, but against others after the limitations period had expired. 236 S.W.3d 778, 780 (Tex. 2007). We held that the guardian's lack of diligence in pursuing claims against the latter defendants precluded the open courts provision from saving the ward's time-barred claims. *Id.* at 785. The Court applies this reasoning to a parent's lack of diligence in pursuing a minor child's claims; I would not. The Court recognizes the strict legal procedures applicable to guardians, such as the fact that they are court-appointed, act as fiduciaries on behalf of their wards, must post a bond, and must report annually to the court. ___ S.W.3d at ___. These statutory requirements are significant and do more than simply "bring guardians in line with the powers and duties that parents possess." *Id.* at ___. They also help minimize the possibility that guardians "may be ignorant, lethargic, or lack concern," the very concern that led us in *Sax* to reject the presumption that parents will act diligently in pursuing claims on their child's behalf. 648 S.W.2d at 667.

For these reasons, I would not extend *Yancy*'s reasoning to the underlying case. Confining *Yancy* to the situation in which a court-appointed guardian fails to act with due diligence reconciles that case with *Sax* and *Weiner*, and properly recognizes the significant differences between such guardians and parents acting as next friends. I would hold that, under *Sax* and *Weiner*, an open

7

courts challenge to the Medical Liability Act's statute of repose brought by or on behalf of a minor may not be foreclosed by a parent's lack of diligence in bringing the suit.

I would further hold that *Sax* and *Weiner* compel a holding that the Medical Liability Act's ten-year statute of repose violates the open courts provision as applied to minors like M.R. because (1) she has a cognizable common law cause of action that is being restricted, and (2) the restriction is unreasonable when balanced against the statute's purpose. *See id.* at 666. As noted above, in those cases we held that the Act's statute of limitations was unconstitutional as applied to a minor's cause of action that the statute "purports to cut off . . . before [the minor] reaches majority." *Weiner*, 900 S.W.2d at 318; *see also Sax*, 648 S.W.2d at 667. To the extent the Act's statute of repose leads to the same result, it too violates the open courts provision.

The hospital in this case contends that our opinion in *Methodist Healthcare System of San Antonio, Ltd. v. Rankin*, 307 S.W.3d 283 (Tex. 2010), which also involved an open courts challenge to the Act's statute of repose, forecloses Rivera's claim. In *Rankin*, the plaintiff presented evidence that she did not know and could not have reasonably discovered prior to the repose period's expiration that a surgical sponge had been left inside her during surgery. *Id.* at 285. Rejecting the plaintiff's open courts challenge, we held that the statute of repose was a reasonable exercise of the Legislature's police power, noting that "the key purpose of a repose statute is to eliminate uncertainties under the related statute of limitations and to create a final deadline for filing suit that is not subject to any exceptions." *Id.* at 286, 290.

Although *Rankin* involved the Medical Liability Act's statute of repose, while *Sax* and *Weiner* involved the Act's statute of limitations, I would hold that *Sax* and *Weiner*, rather than

8

*Rankin*, control the outcome of this case. First, the statutes of limitations we considered in *Sax* and *Weiner*, as applied to minors, had the effect of a repose statute in that they removed the tolling provision otherwise applicable to minors, at least once the minors reached a certain age (six in *Sax*; twelve in *Weiner*). As to such plaintiffs, the statutes served as a "definitive cut-off" just as statutes of repose do. *Id.* at 288. And the purpose underlying the Medical Liability Act that was passed in 2003 as part of House Bill 4, which contains the applicable statute of repose, is the same as that underlying the statutes that were at issue in *Sax* and *Weiner*: to limit the length of time malpractice insureds are exposed to potential liability in order to increase the availability of medical practice insurance and affordable health care. *See id.* at 287; *Sax*, 648 S.W.2d at 666. While this purpose remains legitimate, it does not alter the analyses or the conclusions reached in *Sax* and *Weiner*.

Finally, in *Rankin* we found it significant that allowing a constitutional exception to the statute of repose for undiscoverable injuries "means never-ending exposure to liability, which in turn injects actuarial uncertainty into the insurance market [that] wholly undermines the purpose of House Bill 4 and of statutes of repose generally: to declare a no-exceptions cut-off point and grant a substantive right to be free of liability." 307 S.W.3d at 291. This concern is unfounded when the basis of the open courts violation is that minors' claims will be foreclosed before they reach the age of majority. A malpractice insured's exposure is not "never-ending" in this context; a definite "cut-off point" exists at which the insured will "be free of liability." *Id.*

"Under the facts in this case, [M.R.] is forever precluded from having her day in court to complain of an act of medical malpractice." *Sax*, 648 S.W.2d at 667. Because I cannot conclude that this results from a reasonable use of the police power, I depart from the Court and would hold

9

that the Medical Liability Act's ten-year statute of repose violates Article I, Section 13 of the Texas Constitution as applied to minors.

## II. Retroactivity

As the Court notes, M.R.'s malpractice claim accrued in 1996, and the ten-year statute of repose went into effect in 2003. Prior to the repose statute's enactment, a minor had until the age of twenty to assert a health care liability claim. *Weiner*, 900 S.W.2d at 321. After its enactment, a minor had no more than ten years from the date of medical treatment. In a case like M.R.'s, the statute's effect is to cut off a minor's previously accrued claim before she has the legal capacity to sue. The Court concludes that the repose statute, while retroactive as applied to M.R., is not unconstitutionally so. I disagree.

A retroactive law is presumed unconstitutional,[4] requiring "a compelling public interest to overcome" that presumption. *Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126, 146 (Tex. 2010). In *Robinson*, we developed a three-factor test to utilize in evaluating a retroactive law. *Id.* at 145. Under that test, we consider: "the nature and strength of the public interest served by the statute as evidenced by the Legislature's factual findings; the nature of the prior right impaired by the statute; and the extent of the impairment." *Id.*

I do not disagree with the Court's analysis of the first factor. We have already recognized that the Legislature's purpose in limiting the length of exposure to medical malpractice cases is a legitimate one. *Rankin*, 307 S.W.3d at 287–88; *Sax*, 648 S.W.2d at 667. As to the second factor,

---

[4] "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." TEX. CONST. art. I, § 16.

the Court recognizes that M.R.'s claim for medical negligence in utero is an "established cause[] of action in Texas." ___ S.W.3d at ___. Because these factors weigh in opposing directions, the third factor is the crux of the Court's conclusion. As to that factor, the Court holds that the extent of the impairment to M.R.'s rights is significantly lessened by the fact that she had a three-year grace period following the statute's enactment to pursue her claim before the repose period expired, despite the fact that she could not do so on her own behalf. *Id.* at ___. Because there is evidence that Rivera knew of the claim but failed to timely assert it, and finding "no indication in the record that Rivera is legally incompetent or possesses a conflict of interest with [M.R.]," the Court finds this grace period persuasive. *Id.* at ___.

This conclusion is at odds with our recognition in *Weiner* that a parent's failure to sue on behalf of a minor affects neither the tolling of the limitations period nor the constitutionality of the Medical Liability Act's statute of limitations under the open courts provision. 900 S.W.2d at 318–19. We criticized as "unworkable" a standard that "would inquire whether the minor's parent was 'incompetent' or had a 'conflict of interest' that prevented the parent from acting in the minor's best interests." *Id.* at 320. For the same reason a parent's right to take action on his child's behalf is irrelevant to an open courts challenge, it has no bearing on the extent of a retroactive statute's impairment of a minor's rights. In other words, while Rivera had a three-year grace period to assert M.R.'s claims, M.R. herself had no grace period at all because the statute of repose absolutely extinguished her negligence claim before she was legally capable of asserting it. I would therefore hold that the presumption against the statute's constitutionality was not overcome.

11

### III. Conclusion

However legitimate a statute's purpose, the Legislature may not abrogate a child's established common law cause of action before that child reaches the age of majority. The Medical Liability Act's statute of repose does exactly that in this case, violating the Texas Constitution's open courts guarantee as well as its prohibition against retroactive laws. Because the Court holds otherwise, I respectfully dissent.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** August 22, 2014