**Opinion issued May 7, 2020.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-19-00563-CV**

———————————

**DONALD L. BLOOM, Appellant**

**V.**

**DONALD RAY STAFFORD, M.D., Appellee**

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-21613**

---

## MEMORANDUM OPINION

Appellant, Donald L. Bloom, is appealing the trial court's granting of summary judgment in favor of appellee, Donald Ray Stafford, M.D.

We affirm the trial court's judgment.

**Background**

On April 12, 2014, Bloom was admitted to Memorial Hermann Hospital after he developed a blood clot in his bladder. Bloom alleges that his right knee was injured the next day while he was being transported in a wheelchair from his hospital room to the radiology department, which was located in a separate building. On April 15, 2014, Stafford performed an arthroscopic surgery procedure on Bloom's knee.

On July 31, 2017, Bloom sued Stafford for medical malpractice arising from acts or omissions surrounding Stafford's performance of the April 15, 2014 orthoscopic procedure.[1] On July 17, 2018, the trial court signed an order dismissing with prejudice Bloom's claims against Stafford because Bloom did not comply with the expert report requirements set forth in section 74.351 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE § 74.351. Bloom filed an unsuccessful petition for writ of mandamus following the dismissal of his lawsuit, but he did not pursue an appeal. *See In re Bloom*, No. 01-18-00563-CV, 2018 WL 4126457, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op.) (denying Bloom's petition challenging dismissal of his claims because he had adequate remedy by appeal).

---

[1] The underlying case is *Donald L. Bloom v. Donald Ray Stafford, M.D.*, No. 2017-50445, in the 189th District Court of Harris County, Texas, the Honorable William R. Burke presiding.

On March 26, 2019, Bloom filed a second petition in which he asserted medical malpractice claims against Stafford based on the same April 15, 2014 surgical procedure. Stafford moved for summary judgment on April 29, 2019 based on his affirmative defenses of limitations and res judicata. Specifically, Stafford asserted that Bloom's 2019 lawsuit was time-barred because Bloom's surgical negligence claims against Stafford accrued on April 15, 2024, the date of the surgery, and Bloom's March 26, 2019 lawsuit was filed more than two years after that date. Stafford also asserted that Bloom's 2019 lawsuit was barred by res judicata because Bloom's surgical negligence claims had been decided in the 2016 lawsuit.[2] Bloom filed a response to Stafford's motion on May 13, 2019. The trial court granted Stafford's motion without specifying the reasons for her ruling and dismissed Bloom's claims against Stafford with prejudice. This appeal followed.

## Motions for Summary Judgment

Stafford moved for summary judgment on two affirmatives defenses: the statute of limitations and res judicata. We will begin our analysis by determining

---

[2] Res judicata is an affirmative defense that bars the re-litigation of certain claims or cases between parties which have already been decided. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Eagle Oil & Gas Co. v. Shale Expl., LLC*, 549 S.W.3d 256, 266 (Tex. App.—Houston [1st Dist.] 2018, pet. dism'd). To successfully assert the affirmative defense of res judicata, a party must prove: (1) a final prior judgment on the merits by a court of competent jurisdiction; (2) the identity of the parties, or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action. *See Joachim*, 315 S.W.3d at 862. "When applicable, res judicata bars the second, subsequent suit." *Eagle Oil & Gas Co.*, 549 S.W.3d at 266 (citing *Joachim*, 315 S.W.3d at 862).

whether the trial court erred by granting summary in Stafford's favor based on his affirmative defense of limitations.

## A. Standard of Review

We review a trial court's ruling on a summary judgment motion de novo. *Helix Energy Sols. Grp., Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017). To prevail on a traditional summary judgment motion, the movant bears the burden of proving that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Helix Energy Sols. Grp., Inc.*, 522 S.W.3d at 431. When a defendant moves for traditional summary judgment, it must either: (1) disprove at least one essential element of the plaintiff's cause of action, or (2) plead and conclusively establish each essential element of an affirmative defense, thereby defeating the plaintiff's cause of action. *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

If the movant meets its burden, the burden then shifts to the nonmovant to raise a genuine issue of material fact. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (stating that fact question exists if evidence rises to level that would enable reasonable and fair-minded people to differ in their conclusions). We review the evidence presented in the motion and response in the light most favorable to the nonmovant, crediting favorable evidence

if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Helix Energy Sols. Grp., Inc.*, 522 S.W.3d at 431.

When the trial court does not specify the basis for its summary judgment, as is the case here, the judgment will be affirmed if any one of the theories advanced in the motion is meritorious. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

## B.    Statute of Limitations

A health-care-liability claim has a two-year limitations period. TEX. CIV. PRAC. & REM. CODE § 74.251(a). The two-year limitations period imposed by section 74.251 of the Civil Practice and Remedies Code is measured from one of three dates: (1) the occurrence of the breach or tort; (2) the date that the relevant course of treatment was completed; or (3) the last date of the relevant hospitalization. *Id.*; *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001).

Bloom argues that the statute of limitations should be measured in this case from the date that his treatment was completed, and because he has not completed treatment, the limitations period has not expired. A medical malpractice claimant, however, may not choose the measurement that most favors his case. *Shah*, 67

5

S.W.3d at 841. As the Texas Supreme Court has explained, if the date of the breach or tort is ascertainable, limitations began to run on that date, and inquiries into the second and third categories are not necessary. *See id.* (citing *Earle v. Ratliff*, 998 S.W.2d 882, 886 (Tex. 1999)).[3] The record reflects that all of Bloom's allegations against Stafford are based on Stafford's acts or omissions associated with his performance of Bloom's April 15, 2014 orthopedic surgical procedure. A surgical negligence claim accrues on the date of the surgery. *See Shah*, 67 S.W.3d at 843–44. Therefore, as a matter of law, Bloom's claims against Stafford accrued on April 15, 2014, the date of the surgery, and the statute of limitations expired on April 15, 2016. *See* TEX. CIV. PRAC. & REM. CODE § 74.251(a); *Shah*, 67 S.W.3d at 843–44.[4] Bloom does not argue that he was unable to discover his injury before the two-year limitations period expired, or that any other tolling provision that would have extended the limitations period applies. *See generally Shell Oil Co. v. Ross*, 356

---

[3]    "It is the Legislature's prerogative to enact statutes; it is the judiciary's responsibility to interpret those statutes . . . ." *Molinet v. Kimbrell*, 356 S.W.3d 407, 414–15 (Tex. 2011); *see also Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 136 (Tex. 2018) ("Constitutionally, it is the courts' responsibility to construe statutes, not the legislature's."); *BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 85 (Tex. 2017) (stating that it is "the court's singular duty to interpret the laws").

[4]    Texas Civil Practice & Remedies Code section 74.051(c) tolls the running of limitations in healthcare liability claims for seventy-five days if a plaintiff complies with certain statutory notice requirements. TEX. CIV. PRAC. & REM. CODE § 74.051(c). Bloom does not contend that he satisfied the notice requirement, and even if he had done so, the limitations period would have expired on June 28, 2016.

S.W.3d 924, 927–30 (Tex. 2011) (stating that discovery rule may defer accrual date of cause of action until claimant's injury "was or could have reasonably been discovered"). Therefore, we conclude that Bloom's March 26, 2019 petition is barred by the statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 74.251(a).

Nevertheless, Bloom argues that his lawsuit is not time-barred because the ten-year statute of repose applicable to healthcare liability claims essentially "erases" the two-year statute of limitations and allows claimants like him ten years to file a claim. Bloom's argument is unavailing.

A statute of limitations sets an initial time limit on a plaintiff's ability to bring a claim. That time period, however, may be extended, or tolled, under limited circumstances. *See generally Shell Oil*, 356 S.W.3d at 927–30. A statute of repose, on the other hand, imposes a legislatively created limit on the amount of time that the limitations period can be extended. *See Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, 307 S.W.3d 283, 290 (Tex. 2010) (noting that "the essential function of all statutes of repose is to abrogate the discovery rule and similar exceptions to the statute of limitations"). Thus, "while statutes of limitations operate procedurally to bar the enforcement of a right, a statute of repose takes away the right altogether, creating a substantive right to be free of liability after a specified time." *Id.* at 287 (quoting *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 866 (Tex. 2009)). In other words, a statute of repose acts as hard

temporal bar and a substantive limit to a plaintiff's right to recovery by "fix[ing] an outer limit beyond which no action can be maintained." *Rankin*, 307 S.W.3d at 287 (quoting *Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003)). The statute of repose limits the amount of time a limitations period may be extended for any reason and does not come into play unless the statute of limitations has been extended or tolled. As previously discussed, Bloom discovered his injury before the two-year limitations period expired, and he does not contend that any other tolling provision that would have extended the limitations period applies. Therefore, we conclude that the statute of repose is inapplicable to the present case.

Furthermore, if were we to adopt Bloom's proposed interpretation of section 74.251 and hold that section 74.251(b)'s statute of repose effectively eliminates section 74.251(a)'s statute of limitations or otherwise renders it immaterial, we would be violating a fundamental rule of statutory construction. *See Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) (stating courts must avoid interpreting statutes "in a manner that renders any part of the statute meaningless or superfluous").

Bloom also seeks relief from the trial court's order granting summary judgment in favor of Stafford based on the doctrine of res ipsa loquitur. Bloom, however, did not raise this issue in the trial court and, therefore, he has waived this issue on appeal. *See* TEX. R. APP. P. 33.1(a) (requiring presentation of complaint to

8

trial court to preserve issue for consideration on appeal); *see also* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). We further note that even if the issue had not been waived, Bloom still would still not prevail because res ipsa loquitur is a rule of evidence by which negligence may be inferred by the jury under limited circumstances; it has no relevance with respect to whether the statute of limitations had expired before Bloom filed his 2019 lawsuit. *See Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990).

Accordingly, we conclude that the trial court did not err by granting summary judgment in Stafford's favor based on the affirmative defense of limitations.[5]

We overrule Bloom's challenges to the trial court's order.[6]

---

[5] The other arguments and allegations that Bloom raises in his response to Stafford's motion for summary judgment and on appeal do not affect the dispositive issue of whether the statute of limitations expired before he filed his 2019 lawsuit.

[6] Because we are affirming the trial court's order based on the affirmative defense of limitations, we do not need to consider Stafford's other theory for relief, his affirmative defense of re judicata. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004) (stating court must affirm trial court's ruling on summary judgment if any theory advanced in motion is meritorious).

## Conclusion

We affirm the trial court's judgment. Any outstanding motions are dismissed as moot.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Lloyd, and Hightower.