ACCEPTED
04-14-00803-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/9/2015 5:07:05 PM
KEITH HOTTLE
CLERK

**ORAL ARGUMENT REQUESTED**

**NO. 04-14-00803-CV**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

02/9/2015 5:07:05 PM

KEITH E. HOTTLE
Clerk

## IN THE COURT OF APPEALS
## FOR THE FOURTH DISTRICT OF TEXAS AT SAN ANTONIO, TEXAS

**JUAN FRANCISCO MONTALVO, M.D., F.A.C.O.G., ET AL.,**
**Appellants**

**v.**

**GABRIELA LOPEZ,**
**Appellee.**

**On Appeal from the 341st District Court**
**Webb County, Texas, Cause No. 2013CVT 000841-D3**
**(Hon. Beckie Palomo)**

**BRIEF OF APPELLANTS**

Respectfully submitted,

**DIANA L. FAUST**
diana.faust@cooperscully.com
Texas Bar No. 00793717
**R. BRENT COOPER**
brent.cooper@cooperscully.com
Texas Bar No. 04783250
**KYLE M. BURKE**
kyle.burke@cooperscully.com
Texas Bar No. 24073089

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
TEL: (214) 712-9500
FAX: (214) 712-9540

**COUNSEL FOR APPELLANTS**

**IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS AT SAN ANTONIO, TEXAS**

**JUAN FRANCISCO MONTALVO, M.D., F.A.C.O.G., ET AL.,**
**Appellants**

**v.**

**GABRIELA LOPEZ,**
**Appellee.**

**On Appeal from the 341st District Court
Webb County, Texas, Cause No. 2013CVT 000841-D3
(Hon. Beckie Palomo)**

**IDENTITY OF PARTIES AND COUNSEL**

In accordance with rule 38.1(a) of the Texas Rules of Appellate Procedure, the following is a list of names and addresses of the parties to the trial court's judgment and their counsel:

| | |
|---|---|
| **Appellants:** | Juan Francisco Montalvo, M.D., Winder N. Vasquez, M.D., Miguel E. Najera, J.D. Executor of the Estate of Miguel E. Najera, M.D. And Laredo Regional Medical Center, L.P. d/b/a Doctors Hospital of Laredo |

**Appellate Counsel**
**for Appellants:**

Diana L. Faust
R. Brent Cooper
Kyle M. Burke
Cooper & Scully, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202

**Trial Counsel for**
**Appellant Montalvo:**

James Kevin Oncken
Roger A. Berger
Uzick & Oncken, P.C.
238 Westcott Street
Houston, Texas 77007

**Trial Counsel for**
**Appellant Vasquez:**

Bruce E. Anderson
James W. Veale, Jr.
Loren L. Whyte
Brin & Brin, P.C.
5223 IH 10 West

**Trial Counsel for**
**Appellant Najera:**

W. Richard Wagner
Peter Cario
Wagner Cario, L.L.P.
7718 Broadway, Suite 100
San Antonio, Texas 78209

**Trial Counsel for**
**Appellant Doctors**
**Hospital of Laredo:**

Steven M. Gonzalez
Edward J. Castillo
Gonzalez Castillo, L.L.P.
1317 E. Quebec Avenue
McAllen, Texas 78503

**Appellee:**

Gabriela Lopez

**Trial and Appellate**
**Counsel for Appellee:**        Darrell L. Keith
Keith Law Firm, P.C.
301 Commerce Street, Suite 2850
Fort Worth, Texas 76102

NO. 04-14-00803-CV

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS AT SAN ANTONIO, TEXAS

JUAN FRANCISCO MONTALVO, M.D., F.A.C.O.G., ET AL.,
Appellants

v.

GABRIELA LOPEZ,
Appellee.

On Appeal from the 341st District Court
Webb County, Texas, Cause No. 2013CVT 000841-D3
(Hon. Beckie Palomo)

REQUEST FOR ORAL ARGUMENT

Appellants Francisco Montalvo, M.D., F.A.C.O.G., Winder N. Vasquez, M.D., Miguel E. Najera, J.D. Executor of the Estate of Miguel E. Najera, M.D., Deceased, and Laredo Regional Medical Center, L.P. d/b/a Doctors Hospital of Laredo respectfully request oral argument in this case and believe it will help the Court in evaluating the case and resolving this appeal. TEX. R. APP. P. 39.1, 39.7.

# **TABLE OF CONTENTS**

**Page**

IDENTITY OF PARTIES AND COUNSEL ............................................................... i

REQUEST FOR ORAL ARGUMENT ................................................................ iv

TABLE OF CONTENTS ............................................................................... v

TABLE OF AUTHORITIES ........................................................................ vii

STATEMENT OF THE CASE ....................................................................... xii

STATEMENT OF THE JURISDICTION .......................................................... xiii

ISSUES PRESENTED ................................................................................. xv

STATEMENT OF FACTS ............................................................................... 1

    A.    Appellee's Allegations ................................................................... 1

    B.    Theories of Liability ...................................................................... 3

    C.    Appellants File Motions for Summary Judgment ............................. 4

    D.    Proceedings After Trial Court Denied Appellants' Motions for Summary Judgment ...................................................................... 5

    E.    Appellants' Petition for Permission to Appeal Interlocutory Order in this Court ........................................................................ 7

SUMMARY OF THE ARGUMENT ................................................................... 7

ARGUMENT AND AUTHORITIES ................................................................... 9

I.    Appellee's Suit Is Barred by Limitations ...................................................... 9

    A.    Standard of Review ........................................................................ 9

    B.    Appellee's Claims Are Barred by the Statute of Limitations in Section 74.251(a) ........................................................................ 10

C.     Section 74.251(a) Not Unconstitutional ..............................................12

D.     Even if Sections 16.001 and 16.003 Apply, Lopez's Claims Are
Barred by Limitations ..........................................................................19

CONCLUSION & PRAYER ..............................................................................26

CERTIFICATE OF COMPLIANCE ...................................................................28

CERTIFICATE OF SERVICE...........................................................................29

APPENDIX TO BRIEF OF APPELLANTS .......................................................31

vi

# TABLE OF AUTHORITIES

**Case**      **Page(s)**

*Adams v. Gottwald*,
179 S.W.3d 101 (Tex. App.—San Antonio 2005, pet. denied)....................15, 19

*Boyd v. Kallam*,
152 S.W.3d 670 (Tex. App.—Fort Worth 2004, pet. denied) ........................... 13

*City of San Antonio v. Hernandez*,
53 S.W.3d 404 (Tex. App.—San Antonio 2001, pet. denied)........................... 10

*Lund. v. Giauque*,
416 S.W.3d 122 (Tex. App.—Fort Worth 2013, no pet.)................................. 13

*Jose Carreras, M.D., P.A. v. Marroquin*,
339 S.W.3d 68 (Tex. 2011).........................................................................20, 23

*Kimbrell v. Molinet*,
288 S.W.3d 464 (Tex. App.—San Antonio 2008),
*aff'd*, 356 S.W.3d 407 (Tex. 2011) ................................................................. 11

*Lebohm v. City of Galveston*,
154 Tex. 192, 275 S.W.2d 951 (1955) ............................................................. 14

*Loram Maint. of Way, Inc. v. Ianni*,
210 S.W.3d 593 (Tex. 2006)........................................................................... 19

*Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*,
289 S.W.3d 844 (Tex. 2009) ............................................................................. 9

*Medina v. Lopez-Roman*,
49 S.W.3d 393 (Tex. App.—Austin 2000, pet. denied)..............................21, 22

*Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*,
307 S.W.3d 283 (Tex. 2010).........................................................................12, 18

*Nolan v. Hughes*,
349 S.W.3d 209 (Tex. App.—Dallas 2011, no pet.)........................................ 10

*Robinson v. Crown Cork & Seal Co.*,
335 S.W.3d 126 (Tex. 2010) ............................................................................ 12

*Safeco Lloyds Ins. Co. v. Allstate Ins. Co.*,
308 S.W.3d 49 (Tex. App.—San Antonio 2009, no pet.) ................................... 9

*Sax v. Votteler*,
648 S.W.2d 661 (Tex. 1983) ............................................................................ 24

*Schepps v. Presbyterian Hosp. of Dallas*,
652 S.W.2d 934 (Tex. 1983) ............................................................................ 23

*Shah v. Moss*,
67 S.W.3d 836 (Tex. 2001) ................................................................... 10, 11, 25

*Smith v. Davis*,
426 S.W.2d 827 (Tex. 1968) ............................................................................ 12

*Tenet Hosps. Ltd. v. Rivera*,
445 S.W.3d 698 (Tex. 2014) ................................................. 12, 13, 14, 18, 19

*Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*,
253 S.W.3d 184 (Tex. 2007) ..........................................................................9, 10

*Tex. Nat'l Guard Armory Bd. v. McCraw*,
132 Tex. 613, 126 S.W.2d 627 (1939) ............................................................ 12

*Texas W. Oaks Hosp., LP v. Williams*,
371 S.W.3d 171 (Tex. 2012) ............................................................................ 21

*Thomas v. Oldham*,
895 S.W.2d 352 (Tex. 1995) ............................................................................ 13

*Weiner v. Wasson*,
900 S.W.2d 316 (Tex. 1995) ....................................................... 14, 15, 18, 20

*Yancy v. United Surgical Partners Int'l, Inc.*,
236 S.W.3d 778 (Tex. 2007) ............................................................................ 13

*Zweig v. S. Texas Cardiothoracic & Vascular Surgical Associates, PLLC*,
373 S.W.3d 605 (Tex. App.—San Antonio 2012, no pet.) .............................. 11

**Statutes**                                                                                 **Page(s)**

TEX. CIV. PRAC. & REM. CODE § 16.001 ...................................................... 15

TEX. CIV. PRAC. & REM. CODE § 16.001(a) ................................................. 14

TEX. CIV. PRAC. & REM. CODE § 16.001(b) ................................................ 14

TEX. CIV. PRAC. & REM. CODE § 16.003 ...................................................... 15

TEX. CIV. PRAC. & REM. CODE § 16.003(a) ................................................. 14

TEX. CIV. PRAC. & REM. CODE § 74.051(a) ................................................. 20

TEX. CIV. PRAC. & REM. CODE § 74.051(c) ................................................. 20

TEX. CIV. PRAC. & REM. CODE § 74.052(a) ................................................. 23

TEX. CIV. PRAC. & REM. CODE § 74.251(a) ................................. 9, 11, 24, 25

TEX. CIV. PRAC. & REM. CODE § 51.014(d) (Vernon 2011) ........................... xiii, 7

TEX. CIV. PRAC. & REM. CODE § 51.014(f) (Vernon 2011) ..................... xiii, xiv, 7

TEX. REV. CIV. STAT. ANN. art. 4590i, § 4.01(c) ................................................ 24

TEX. REV. CIV. STAT. ANN. art. 4590i, § 10.01 ...............................................24, 25

**Rules**                                                                                       **Page(s)**

TEX. CONST. art. I, § 13.................................................................................. 13

TEX. R. APP. P. 39.1 ....................................................................................... iv

TEX. R. APP. P. 39.7 ....................................................................................... iv

TEX. R. APP. P. 56.1(b)(1) ............................................................................. 19

**Other**                                                                                       **Page(s)**

Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 4.01(c),
  1977 Tex. Gen. Laws 2039, 2047.................................................................. 24

Act of June 2, 2003, 78th Leg., R.S., ch. 204, 2003 Tex. Gen. Laws 847............. 15

Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01,
2003 Tex. Gen. Laws 847 ................................................................................. 16

Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09,
2003 Tex. Gen. Laws 847 ................................................................................. 25

Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.11,
2003 Tex. Gen. Laws 847 ................................................................16, 17, 18

NO. 04-14-00803-CV

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS AT SAN ANTONIO, TEXAS

JUAN FRANCISCO MONTALVO, M.D., F.A.C.O.G., ET AL.,
**Appellants**

**v.**

GABRIELA LOPEZ,
**Appellee.**

On Appeal from the 341st District Court
Webb County, Texas, Cause No. 2013CVT 000841-D3
(Hon. Beckie Palomo)

BRIEF OF APPELLANTS

**TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:**

Appellants Francisco Montalvo, M.D., F.A.C.O.G. ("Dr. Montalvo"), Winder N. Vasquez, M.D. ("Dr. Vasquez"), Miguel E. Najera, J.D. Executor of the Estate of Miguel E. Najera, M.D., Deceased ("Dr. Najera"), and Laredo Regional Medical Center, L.P. d/b/a Doctors Hospital of Laredo ("DHL"), (collectively "Appellants") submit this Brief of Appellants in accordance with Rules 9.4 and 38 of the Texas Rules of Appellate Procedure and all local rules of this Court. In support of this appeal from the denial of Appellants' motions for summary judgment, Appellants respectfully allege as follows:

**STATEMENT OF THE CASE**

On May 17, 2013, Gabriela Lopez ("Ms. Lopez" or "Appellee") filed this health care liability claim against Juan Francisco Montalvo, M.D., F.A.C.O.G. ("Dr. Montalvo"), Winder N. Vasquez, M.D. ("Dr. Vasquez"), Miguel E. Najera, J.D. Executor of the Estate of Miguel E. Najera, M.D., Deceased ("Dr. Najera"), Laredo Regional Medical Center, L.P. d/b/a Doctors Hospital of Laredo ("DHL"), (collectively "Appellants"), and various other Defendants, alleging that Appellants were negligent in their care and treatment of Appellee on or about December 11, 2005 to December 17, 2005. (CR 27).[1] Appellee asserted negligence and gross negligence claims against Appellants and vicarious liability claims against DHL. (CR 33-46). Appellee amended her petition on November 5, 2013, and January 27, 2014, to include responses and/or counter defenses to Appellants' alleged affirmative defenses or theories. (CR 267-271, 453-460).

On July 30, 2013, Appellant Vasquez filed his Traditional Motion for Summary Judgment (CR 77-82), followed by Appellants Montalvo, Najera, and DHL on August 21, 22, and 27, 2013, respectively (CR 105-110, 119-124, 174-183), on the grounds that Appellee's claims are barred by the statute of limitations. (*Id.*). Appellee filed responses to the motions (CR 277-286, 334-355, 356-363, 484-500), and supplemental responses. (CR 464-474, 563-578). Several

---

[1]    Appellants will refer to the Clerk's Record as (CR [page #]), the Reporter's Record as ([vol. #] RR [page #]), and the Appendix as (Apx. [Tab #]).

Appellants filed replies. (CR 420-425, 557-562, 579-584). The district court held a hearing on Appellants' motions (1 RR 3-54), and on March 19, 2014, signed orders denying Appellants' motions. (CR 587, 599, 611, 623; Apx. Tab A).

Appellants filed a Motion for Permission to Appeal Interlocutory Order (CR 635-640), setting it for hearing on May 5, 2014, at which time the trial court verbally granted Appellants' motion. (2 RR 14). On November 3, 2014, the trial court signed an Amended Order Denying Defendants' Motions for Summary Judgment and Granting Defendants' Motion for Permission to Appeal Interlocutory Order. (CR 656-662; Apx. Tab B). On November 18, 2014, Appellants filed their Petition for Permission to Appeal the November 3, 2014 Interlocutory Order with this Court, Appellee filed her response on December 15, 2014, and Appellants filed their reply on December 19, 2014.[2] On January 7, 2015, the Court granted Appellants' Petition. (Apx. Tab C).

## STATEMENT OF THE JURISDICTION

This Court has jurisdiction pursuant to sections 51.014(d) and 51.014(f) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE §§ 51.014(d), (f) (Vernon 2011). The trial court signed an amended order permitting interlocutory appeal on the basis that (1) the order involves controlling questions of law as to which there are substantial grounds for differences of opinion, and (2) an

---

[2] *See* Case Events log in Case No. 04-14-00803-CV, *Juan Francisco Montalvo, M.D., F.A.C.O.G., et al. v. Gabriela Lopez*, available at:
http://www.search.txcourts.gov/Case.aspx?cn=04-14-00803-CV&coa=coa04.

immediate appeal from the order may materially advance the ultimate termination of the litigation. Further, this Court accepted the appeal of the trial court's amended order pursuant to section 51.014(f). *See* TEX. CIV. PRAC. & REM. CODE § 51.014(f); (Apx. Tab C).

# ISSUES PRESENTED

1.   Did the trial court err in denying Appellants' motions for summary judgment based on the statute of limitations for health care liability claims governed by Chapter 74 of the Texas Civil Practice and Remedies Code? This issue necessarily includes the following sub-issues:

     a.   Health care liability claims are governed by the two-year statute of limitations period in section 74.251(a) of the Texas Civil Practice and Remedies Code. Are Appellee's claims barred by limitations where it is undisputed that the treatment at issue occurred in December 2005 but Appellee did not file suit until May 2013?

     b.   Courts begin with the presumption that statutes—like the limitations period in section 74.251(a)—are valid and constitutional. Did Appellee meet her burden to establish that the limitations period in section 74.251(a) is unconstitutional as to minors under the open courts provision of the Texas Constitution, such that Appellee had until her 20th birthday to file suit?

     c.   If Appellee's open courts challenge is successful such that sections 16.001 and 16.003 of the Texas Civil Practice and Remedies Code provide the limitations and tolling periods for Appellee's health care liability claims, is Appellee entitled to use the provisions of section 74.051 regarding pre-suit notice and authorization for release of protected health information to tack-on an additional 75-day tolling period?

     .

## STATEMENT OF FACTS

### A.    Appellee's Allegations

Appellee alleges that, on or about December 11, 2005 (at age 12), she was admitted to DHL's emergency department.  (CR 31, 429).  There, Dr. Montalvo diagnosed Appellee with acute abdominal pelvic pain, a left ovarian cyst, and suspected adnexal torsion. (*Id.*).  On December 13, 2005, Dr. Montalvo performed a diagnostic laproscopy procedure, and later due to a decrease in Appellee's blood pressure and tachycardia, Dr. Montalvo proceeded with an exploratory open laparotomy procedure.  (CR 31, 429-30).  Dr. Montalvo isolated some but not all of the ongoing bleeding and achieved only partial hemostasis.  (CR 31, 430).  After she was believed to be stabilized, Dr. Montalvo removed Appellee's ovarian cyst(s).  (*Id.*).  Lacerations in the retroperitoneum were assessed by Dr. Montalvo, and he attempted to isolate the hemostasis and suture the lacerations.   (*Id.*). Appellee's blood loss was estimated at 1500 cc.  (CR 430).  Following these surgical procedures, Appellee was taken to a postoperative care unit for potential recovery.  (*Id.*).

Postoperatively Appellee experienced hypotension, and was assessed by Dr. Najera and/or Dr. Montalvo with intra-abdominal bleeding, and was returned to the operating room for surgery later on December 13, 2005.  (CR 32, 430).  Dr. Najera, assisted by Dr. Montalvo, performed an exploratory laparotomy procedure with findings of lacerations or injuries of the left iliac artery and vein, and intra-

abdominal bleeding, and clamped the abdominal aorta and repaired the iliac blood vessels. (*Id.*). Afterward, Appellee was taken to the ICU. (*Id.*).

After transfer to the ICU, on or about December 13, 2005, Appellee developed manifestations of shock, anuria, and hypotension, and upon a diagnosis of bleeding versus abdominal compartment syndrome of her illness or condition by Dr. Najera and Dr. Montalvo, Appellee was taken back to the operating room for surgery for the third time that day. (CR 32, 430). Dr. Najera, assisted by Dr. Montalvo, performed an exploratory laparotomy procedure related to abdominal compartment syndrome. (*Id.*). During the surgery, Dr. Najera and Dr. Montalvo assessed that there was scant amount of blood and her intestine in the abdominal cavity came out as being in tension inside her abdomen. (CR 431). Appellee's vital signs improved, she began urinary output, and her blood pressure was stabilized. (*Id.*). Dr. Najera and Dr. Montalvo surgically left Appellee's abdominal cavity opened, covered with dressings and a vacuum device, and with two Jackson-Pratt drains. (*Id.*). Afterwards, Appellee was assessed as being in stable but critical condition and was returned to the ICU for further care and treatment. (*Id.*).

Postoperatively, Appellee received medical care and treatment from Dr. Montalvo, Dr. Najera, Dr. Vasquez, and the DHL nurses and other health providers on or about December 13, 2005 to December 17, 2005. (CR 431). On or about the

evening of December 15, 2005, Dr. Holzknecht, an orthopedic surgeon, examined Appellee and diagnosed her with compartment syndrome of the left leg to include interior, lateral and posterior compartments. (CR 431). On or about December 16, 2005, Appellee was again taken back to surgery where Dr. Holzknecht performed a fasciotomy surgical procedure of four compartment syndrome and debridement of muscle of Appellee's left leg. (*Id.*). On or about December 16 or 17, 2005, Appellee was discharged from DHL and transported to McAllen Medical Center. (CR 432).

## B. Theories of Liability

On May 17, 2013, Appellee filed her original petition asserting health care liability claims against Appellants. (CR 27). Appellee alleged the Doctor Appellants breached their duties by engaging in one or more acts or omissions constituting negligence, including failure to provide timely and proper medical diagnosis, assessment, evaluation, treatment, and/or therapy for Gabriela Lopez's conditions and/or injuries and that Appellants, individually, and/or by and through their employee(s), servant(s), or agent(s) engaged in other acts and/or omissions or departures from reasonable, prudent, and accepted standards of medical care and/or health care in the diagnosis, assessment, care, and treatment of Gabriela Lopez's above-described conditions and injuries. (CR 434-38).

Additionally, Appellee alleged DHL was negligent in failing to properly supervise the quality of medical, nursing, and hospital care and treatment of

Gabriela Lopez's illnesses, conditions, and/or injuries. (CR 439-40). Appellee alleged that DHL is vicariously liable for the negligence of its employees, agents, etc. in their hospital, administrative, medical, health care and/or nursing diagnosis, assessment, care, and treatment of Gabriela Lopez's illnesses, injuries, and conditions. (*Id.*). Appellee further alleged that DHL failed to establish proper policies and practices related to direction and supervision of the medical, surgical, nursing, and/or health care treatment of Gabriela Lopez. (*Id.*).

C.    **Appellants File Motions for Summary Judgment**

On July 30, 2013, Appellant Vasquez filed his Traditional Motion for Summary Judgment (CR 77-82), followed by Appellants Montalvo, Najera, and DHL, respectively (CR 105-10, 119-24, 174-83), on the grounds that Appellee's claims are barred by the statute of limitations within section 74.251(a) of the Texas Civil Practice and Remedies Code because Appellee filed suit against Appellants seven (7) years five (5) months after the care in question. (*Id.*).

Appellee responded, asserting that Appellants were not entitled to summary judgment based on limitations because Texas Civil Practice and Remedies Code section 74.251 is unconstitutional under the open courts provision of the Texas Constitution and Appellee was a minor at the time her cause of action accrued. (CR 280-83, 339-41, 488-91). Because of this, Appellee asserted that her claims are governed by the statute of limitations and tolling provisions of sections 16.001 and 16.003 of the Texas Civil Practice and Remedies Code such that she had until

her 20th birthday on March 11, 2013 to file suit. (*Id.*). Appellee further asserted that because she sent pre-suit statutory notice of a written claim accompanied by the appropriate authorization form for release of protected health information to the defendants on March 8, 2013, Appellee was entitled to the 75-day tolling period in section 74.051(c) of the Civil Practice and Remedies Code. (CR 283-84, 342-43, 361-62, 491-92). Appellee asserted that after tolling, her deadline for filing suit was May 22, 2013 such that her petition filed on May 17, 2013 was timely. (CR 282-83, 342-43, 360-62, 491-92).

Appellants Vasquez, Montalvo, and Najera replied, generally responding that no case law supports that the tolling provisions in section 74.051(c) provide Appellant with an additional 75 days to file suit after her 20th birthday, and that Appellee had not proven that section 74.251(a) is unconstitutional. (CR 421-22, 558-59, 580-81). Appellee filed several supplemental responses. (CR 464-78, 563-78).

On March 5, 2014 the trial court heard the Appellants' motions for summary judgment (1 RR 3-54), and on March 19, 2014, signed orders denying Appellants' motions. (CR 587, 599, 611, 623; Apx. Tab A).

### D. Proceedings After Trial Court Denied Appellants' Motions for Summary Judgment

On April 2, 2014, Appellants filed their Motion for Permission to Appeal Interlocutory Order. (CR 635-43). Appellants asserted that the statute of

limitations bars Appellee's claims, and no Texas court had considered the issue of whether the filing of a notice of claim letter gives a plaintiff who is a minor at the time of her injury two years and 75 days from the date of her eighteenth birthday to file suit. (*Id.*). Appellants urged that granting the appeal would possibly save considerable time and expense and would materially advance the ultimate termination of the litigation. (*Id.*). Appellee opposed the motion. (*Id.*).

The trial court held a hearing on the motion and determined that it should be granted (2 RR 14), and on November 3, 2014 signed a written Amended Order Denying Defendants' Motions for Summary Judgment and Granting Defendants' Motion for Permission to Appeal Interlocutory Order. (CR 656-72; Apx. Tab B). The trial court substantively ruled that section 74.251(a) is unconstitutional as to minors such that sections 16.001 and 16.003 of the Civil Practice and Remedies Code govern Appellee's claims, and that section 74.051(c) further tolled limitations until May 22, 2013 such that Appellee's suit filed May 17, 2013 was timely. (CR 657-68).

The trial court further ruled that the order presented two controlling questions of law as to which there is a substantial ground for a difference of opinion, and that an immediate appeal of the amended order might materially advance the ultimate termination of the litigation. (CR 657-68, 677).

**E.** **Appellants' Petition for Permission to Appeal Interlocutory Order in this Court**

On November 18, 2014, Appellants filed their Petition for Permission to Appeal Interlocutory Order, pursuant to sections 51.014(d) and (f) of the Texas Civil Practice and Remedies Code, stating that this Court should accept Appellants' appeal as the trial court's order involves two controlling questions of law regarding the applicable statute of limitations and whether Appellee may invoke pre-suit notice tolling provisions to save her claims. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d), (f).[3]   Appellee filed her response to the petition on December 15, 2014, and Appellants filed a reply on December 19, 2015.  On January 7, 2015, this Court issued its Order granting Appellants' petition and this appeal ensued.  (Apx. Tab C).

## SUMMARY OF THE ARGUMENT

Appellee's suit is barred by the statute of limitations.  Thus, the trial court erred when it denied Appellants' motions for summary judgment based on limitations, and this Court should reverse the trial court's order and render judgment that Appellee take nothing on her claims against Appellants.

Appellee's suit is based on medical treatment she received from Appellants during December 2005.  Health care liability claims are governed by the two-year

---

[3]      *See* Case Events log in Case No. 04-14-00803-CV, *Juan Francisco Montalvo, M.D., F.A.C.O.G., et al. v. Gabriela Lopez*, available at:
 http://www.search.txcourts.gov/Case.aspx?cn=04-14-00803-CV&coa=coa04.

---

statute of limitations in section 74.251(a) of the Texas Civil Practice and Remedies Code. While each Appellant was involved in different aspects of Appellee's care, the last possible date of treatment by all Appellants was December 17, 2005. Thus, Appellee was required to file her suit no later than December 17, 2007. Appellee failed to do so, instead filing suit on May 17, 2013. Therefore, Appellee's suit is barred by limitations.

Appellee has urged that, because she was a minor at the time of treatment, the statute of limitations in section 74.251(a) is unconstitutional as applied to minors under the open courts provision of the Texas Constitution. Appellee failed to demonstrate that section 74.251(a) is unreasonable. Rather, she merely posits that the limitations and tolling provisions of section 16.001 and 16.003 of the Texas Civil Practice and Remedies Code apply and gave her until her 20th birthday to file suit. The Texas Supreme Court has not addressed the constitutionality of section 74.251(a) as applied to minors. But even if 74.251(a) does not apply such that Appellee had until her 20th birthday to file suit, she did not do so. She filed suit more than two months after her 20th birthday. Appellee's suit is barred by limitations.

Appellee was not entitled to an additional 75-day tolling period based on the pre-suit notice provisions in Chapter 74. If, as Appellee urges, the limitations and

tolling provisions of sections 16.001 and 16.003 govern her suit, she cannot claim the additional benefit of a 75-day tolling period borrowed from Chapter 74.

Appellee's suit was untimely. Therefore, the trial court erred in denying Appellants' motions for summary judgment based on limitations. This Court should reverse the trial court's order and render judgment that Appellee's claims are barred by limitations and that she take nothing in all claims against Appellants.

## ARGUMENT AND AUTHORITIES

### I.   Appellee's Suit Is Barred by Limitations

Appellee's suit is barred by the two-year statute of limitations governing health care liability claims. *See* TEX. CIV. PRAC. & REM. CODE § 74.251(a). Appellee's cause of action accrued in December 2005. She did not file suit until May 2013, and her suit is untimely. Thus, the trial court erred in denying Appellants' motions for summary judgment based on the statute of limitations, and this Court should reverse the trial court's order and render judgment that Appellee take nothing on her claims.

### A.   Standard of Review

An appellate court reviews the grant or denial of a motion for summary judgment de novo. *Safeco Lloyds Ins. Co. v. Allstate Ins. Co.*, 308 S.W.3d 49, 52 (Tex. App.—San Antonio 2009, no pet.) (citing *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 847 (Tex. 2009); *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007)). In a

traditional motion for summary judgment, the movant has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.*

When a defendant moves for summary judgment on an affirmative defense, such as the statute of limitations, the defendant must conclusively prove each element of that defense. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001); *City of San Antonio v. Hernandez*, 53 S.W.3d 404, 407 (Tex. App.—San Antonio 2001, pet. denied). If a movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Nolan v. Hughes*, 349 S.W.3d 209, 212 (Tex. App.—Dallas 2011, no pet.). Evidence favorable to the non-movant is taken as true, and every reasonable inference in favor of the non-movant will be resolved in its favor. *City of San Antonio*, 53 S.W.3d at 407.

### B.  Appellee's Claims Are Barred by the Statute of Limitations in Section 74.251(a)

Appellee's claims are barred by the two-year statute of limitations in Chapter 74. There is no dispute that Appellee's claims are for health care liability. (*See* CR 277, 334). Chapter 74 imposes a two-year statute of limitations for health care liability claims:

> (a) Notwithstanding any other law and subject to Subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of

the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided this section applies to all persons regardless of minority or other legal disability.

TEX. CIV. PRAC. & REM. CODE § 74.251(a). The "notwithstanding any other law" language of section 74.251(a) imposes an absolute two-year limitations period on health care liability claims. *Kimbrell v. Molinet*, 288 S.W.3d 464, 468 (Tex. App.—San Antonio 2008), *aff'd*, 356 S.W.3d 407 (Tex. 2011).

Here, Appellants submitted summary judgment evidence conclusively establishing that Appellee's claims are barred by the two-year statute of limitations in section 74.251(a). The care rendered by the Appellants took place no later than December 17, 2005. (CR 31-32, 84-87, 111, 131-32, 196-97). Thus, Appellee's cause of action accrued no later than December 17, 2005.[4] Under section 74.251(a), Appellee was required to file suit by December 17, 2007. It is undisputed that Appellee did not file her suit until May 17, 2013. (CR 26-27). Thus, under section 74.251(a), Appellee's claims are barred. *See* TEX. CIV. PRAC. & REM. CODE § 74.251(a). This Court should reverse the trial court's order and render judgment that Appellee take nothing against Appellants.

---

[4] A plaintiff may not choose for accrual the most favorable date that falls within section 74.251(a)'s three categories. *Zweig v. S. Texas Cardiothoracic & Vascular Surgical Associates, PLLC*, 373 S.W.3d 605, 610 (Tex. App.—San Antonio 2012, no pet.) (citing *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001)). Rather, if the date the alleged tort occurred is ascertainable, limitations must begin on that date. *Id.*

## C.    Section 74.251(a) Not Unconstitutional

In response to Appellants' motions for summary judgment based on limitations, Appellee claimed that the strict statute of limitations in section 74.251(a) does not apply under an open courts challenge to the statute, based on Appellee's status as a minor at the time she received treatment.  (CR 280-83, 339-41, 488-91).  But the Texas Supreme Court has not ruled on the constitutionality of section 74.251(a) as applied to minors, and Appellee failed to establish that the statute is unconstitutional.

When examining the constitutionality of a statute, courts begin with the presumption that the statute is valid.  *Tenet Hosps. Ltd. v. Rivera*, 445 S.W.3d 698, 701 (Tex. 2014) (quoting *Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126, 146 (Tex. 2010) ("To be sure, courts must be mindful that statutes are not to be set aside lightly.")).  "We presume that the Legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable." *Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, 307 S.W.3d 283, 285 (Tex. 2010) (quoting *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex. 1968)).  "The burden is on him who attacks a law for unconstitutionality and courts need not exert their ingenuity to find reasons for holding the law invalid." *Id.* (quoting *Tex. Nat'l Guard Armory Bd. v. McCraw*, 132 Tex. 613, 126 S.W.2d 627, 634 (1939)).

The open courts provision of the Texas Constitution provides: "All courts shall be open and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. This requirement "guarantees that a common law remedy will not be unreasonably abridged." *Tenet Hosps.*, 445 S.W.3d at 703. This guarantee operates quite differently from a tolling provision. *Id.* Tolling provisions generally defer accrual of a claim until the plaintiff knew, or in the exercise of reasonable diligence should have known, the facts giving rise to the claim. *Id.* By contrast, "the open courts provision merely gives litigants a reasonable time to discover their injuries and file suit," and courts must determine what constitutes a reasonable time frame. *Id.* (quoting *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 785 (Tex. 2007)).

To establish an open courts violation, the party challenging a statute must show that (1) the statute restricts a well-recognized, common law cause of action, and (2) the restriction is unreasonable or arbitrary when balanced against the statute's purpose. *Lund. v. Giauque*, 416 S.W.3d 122, 127 (Tex. App.—Fort Worth 2013, no pet.) (citing *Thomas v. Oldham*, 895 S.W.2d 352, 357 (Tex. 1995)). This two-pronged inquiry applies to open courts issues whether the underlying challenge is an as-applied or a facial attack. *Id*. (citing *Boyd v. Kallam*, 152 S.W.3d 670, 680 (Tex. App.—Fort Worth 2004, pet. denied)). Additionally,

the Texas Supreme Court has explained its longstanding test for whether a law violates the open courts provision: (1) if the law imposes substitute remedies, whether those remedies are reasonable, or (2), relevant here, if the law extinguishes remedies, whether such action is a reasonable exercise of the police power. *Tenet Hosps.*, 445 S.W.3d at 705 (citing *Lebohm v. City of Galveston*, 154 Tex. 192, 275 S.W.2d 951, 955 (1955)).

As discussed, section 74.251(a) imposes a strict two-year statute of limitations. Some claimants have successfully argued that the limitations period in section 74.251(a)'s predecessor is unconstitutional under the open courts provision of the Texas Constitution. *See Weiner v. Wasson*, 900 S.W.2d 316 (Tex. 1995). In *Weiner*, the supreme court held that because section 10.01 of article 4590i (the statute of limitations provision in Chapter 74's predecessor) was unconstitutional under the open courts provision of the Texas Constitution as applied to minors, the statute of limitations and tolling provisions applicable to minors pursuing medical negligence claims are contained in sections 16.001 and 16.003 of the Civil Practice and Remedies Code.[5] *Id.* at 320-31. The Court stated that section 16.003

---

[5] Section 16.003 provides a general two-year statute of limitations for personal injury claims: "Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003(a). Section 16.001 describes the effect of disability on the limitations period: "For the purposes of this subchapter, a person is under a legal disability if the person is . . . younger than 18 years of age, regardless of whether the person is married . . . If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period." *Id.* § 16.001(a), (b).

establishes a two-year limitations period, but section 16.001 tolls this period until the minor reaches age eighteen. *Id.* at 321. Together, these sections require a minor to file a claim before reaching age twenty for personal injuries sustained during the period of minority. *Id.* (citing TEX. CIV. PRAC. & REM. CODE §§ 16.001, 16.003).

Later, in *Adams v. Gottwald*, 179 S.W.3d 101, 103 (Tex. App.—San Antonio 2005, pet. denied), this Court held that section 74.251(a) is similarly unconstitutional under the open courts provision, where the minor filed suit before her 20th birthday but after the expiration of the section 74.251(a) limitations period. *Id.* at 102. Appellee urges that *Weiner* and *Adams* govern the application of section 74.251 to her claim because Appellee was a minor (age 12) at the time of the treatment giving rise to this dispute.[6] (*See* CR 281-83, 339-41).

But *Adams* involved a claim filed by the plaintiff's parents well before the child's 20th birthday, and no other Texas appellate court has considered whether section 74.251(a) is unconstitutional as applied to all minors, or under the facts of this case. The Legislature undertook a major overhaul of medical malpractice law in 2003 with the passage of House Bill 4. *See generally*, Act of June 2, 2003, 78th Leg., R.S., ch. 204, 2003 Tex. Gen. Laws 847. Within that bill, the Legislature reaffirmed its commitment to reducing the uncertainty surrounding unknown,

---

[6] Appellee was born on March 11, 1993. (CR 228). The health care at issue occurred in December 2005. (CR 31-32, 429-32).

potential claims by minors by including the limitations period addressing minors in

section 74.251(a), and it addressed and detailed the reasons for its actions through

findings in support of the limitations period, and thus, demonstrated the important

purpose of the statute which was enacted in the interest of the general welfare. *See

id.* §§ 10.01, 10.11.[7]   Thus, even after *Weiner*,[8] the Legislature believed that

---

[7]      Section 10.11 of Acts 2003, 78th Leg., Ch. 204 provides:

(a) The Legislature of the State of Texas finds that:

(1) the number of health care liability claims (frequency) has increased since 1995 inordinately;

(2) the filing of legitimate health care liability claims in Texas is a contributing factor affecting medical professional liability rates;

(3) the amounts being paid out by insurers in judgments and settlements (severity) have likewise increased inordinately in the same short period;

(4) the effect of the above has caused a serious public problem in availability of and affordability of adequate medical professional liability insurance;

(5) the situation has created a medical malpractice insurance crisis in Texas;

(6) this crisis has had material adverse effect on the delivery of medical and health care in Texas, including significant reductions of availability of medical and health care services to the people of Texas and a likelihood of further reductions in the future;

(7) the crisis has had a substantial impact on the physicians and hospitals of Texas and the cost to physicians and hospitals for adequate medical malpractice insurance has dramatically risen, with cost impact on patients and the public;

(8) the direct cost of medical care to the patient and public of Texas has materially increased due to the rising cost of malpractice insurance and protection for physicians and hospitals of Texas;

(9) the crisis has increased the cost of medical care both directly through fees and indirectly through additional services provided for protection against future suits or claims, and defensive medicine has resulted in increasing cost to patients,

---

private insurers, and Texas and has contributed to the general inflation that has marked health care in recent years;

(10) satisfactory insurance coverage for adequate amounts of insurance in this area is often not available at any price;

(11) the combined effect of the defects in the medical, insurance, and legal systems has caused a serious public problem both with respect to the availability of coverage and to the high rates being charged by insurers for medical professional liability insurance to some physicians, health care providers, and hospitals; and

(12) the. adoption of certain modifications in the medical, insurance, and legal systems, the total effect of which is currently undetermined, will have a positive effect on the rates charged by insurers for medical professional liability insurance.

(b) Because of the conditions stated in Subsection (a) of this section, it is the purpose of this article to improve and modify the system by which health care liability claims are determined in order to:

(1) reduce excessive frequency and severity of health of health care liability claims through reasonable improvements and modifications in the Texas insurance, tort, and medical practice system;

(2) decrease the cost of those claims and ensure that awards are rationally related to actual damages;

(3) do so in a manner that will not unduly restrict a claimant's rights any more than necessary to deal with the crisis;

(4) make available to physicians, hospitals, and other health care providers protection against potential liability through the insurance mechanism at reasonably affordable rates;

(5) make affordable medical and health care more accessible and available to the citizens of Texas;

(6) make certain modifications in the medical, insurance, and legal systems in order to determine whether or not there will be an effect on rates charged by insurers for medical professional liability insurance; and

(7) make certain modifications to the liability laws as they relate to health care liability claims only and with an intention of the legislature to not extend or apply such modifications of liability laws to any other areas of the Texas legal system or tort law.

curbing health care litigation and costs through the use of a statute of limitations period applicable to minors was a reasonable exercise of the Legislature's power, including its police power in the interest of the general welfare, even when balanced against the restrictions it might place upon some claimants. *See Methodist Healthcare Sys., Ltd., L.L.P. v. Rankin*, 307 S.W.3d 283, 292 (Tex. 2010) (upholding statute of repose created by Legislature in House Bill 4 against open courts challenge).

Appellee failed to show that Section 74.251(a)'s limitations period constitutes an unreasonable exercise of the police power in the interest of the general welfare. *See Tenet Hosps.*, 445 S.W.3d at 705. Indeed, legislative action that is not arbitrary or unreasonable and thus, is a reasonable exercise of the police power in the interest of the general welfare must be sustained. *See Rankin,* 307 S.W.3d at 286. And the Texas Supreme Court has not ruled on the issue of whether section 74.251(a) suffers the same constitutional infirmities as its predecessor in section 10.01, or constitutes an unreasonable exercise of the police power in the interest of the general welfare, especially in light of the Legislature's

---

Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.11, 2003 Tex. Gen. Laws 847.

[8] The Texas Supreme Court has not nullified the possibility that the abolition of a common-law cause of action could be justified as a reasonable exercise of police power. *Weiner v. Wasson,* 900 S.W.2d 316, 325 (Tex. 1995) (Owen, J., dissenting).

wholesale revisions to Texas medical malpractice law in 2003.[9] Appellee did not meet her burden to show that the statute is unreasonable when balanced against the statute's purpose and therefore unconstitutional.

Here, Appellee's treatment occurred no later than December 17, 2005, and she was not "under the age of 12 years" at that time. Under section 74.251(a), Appellee should have filed suit by December 17, 2007. But Appellee did not file suit until May 17, 2013, more than seven years after treatment, and more than two months after her 20th birthday. Appellee's suit is therefore barred by the two-year statute of limitations in section 74.251(a). This Court should reverse the trial court's order and render judgment that Appellee's claims are barred by the statute of limitations and that she take nothing on all claims against Appellants.

### D. Even if Sections 16.001 and 16.003 Apply, Lopez's Claims Are Barred by Limitations

Even if the two-year limitation period in section 74.251(a) is unconstitutional as applied to minors—which Appellants dispute—Appellee's claims are still barred because she did not file suit until after her 20th birthday.

Again, if *Weiner* and *Adams* apply, or if the section 74.251(a) is an unreasonable exercise of the Legislature's police power, Appellee would have had until her 20th birthday—March 11, 2013—to file this suit. But Appellee did not

---

[9] The supreme court does not defer to lower courts' construction of statutes. *See Tenet Hosps.*, 445 S.W.3d at 702. While the supreme court denied review in *Adams*, this denial is not a comment on the merits of the issue. *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006) (citing TEX. R. APP. P. 56.1(b)(1)).

file suit until May 17, 2013, 67 days after her 20th birthday. Thus, Appellee's suit is still untimely. *See Weiner*, 900 S.W.2d at 321.

Appellee contends that the deadline to file her suit was additionally tolled by the service of pre-suit notices of claim and authorizations for release of protected health information. (CR 283-84, 342-44, 361-62, 491-92). A Chapter 74 claimant may extend the two-year statute of limitations by 75 days by complying with the statute's pre-suit notice provisions:

> (a) Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.

> ***

> (c) Notice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

TEX. CIV. PRAC. & REM. CODE §§ 74.051(a), (c). To toll the statute of limitations pursuant to Chapter 74, a plaintiff must provide both the statutorily required notice and the statutorily required authorization form. *Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 74 (Tex. 2011). The purpose for the notice and disclosure requirements is to encourage the parties to negotiate and settle disputes

prior to suit.  *Texas W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 189 (Tex. 2012).

No Texas court has directly addressed whether a minor who is allowed to toll accrual of limitations until her 18th birthday through Chapter 16 of the Civil Practice and Remedies Code (giving her until her 20th birthday to file suit) is allowed an additional 75-day tolling period based on pre-suit notice.  However, the court of appeals' decision in *Medina v. Lopez-Roman*[10] suggests that such a claimant is not entitled to an additional 75 days of tolling.

There, plaintiff Medina—who was 14 years old—received treatment from the defendants after sustaining a fall at a treatment center.  *Medina*, 49 S.W.3d at 395.  A few months later, at age 15, Medina sent pre-suit notice letters and filed suit against Dr. Lopez-Roman, but later non-suited his claims.  *Id.* at 396.  After turning 18 years old, Medina sent pre-suit notice letters to Dr. Lopez-Roman and Dr. Crane.  *Id.*  Medina later filed suit on his 20th birthday.  *Id.*  Both physicians asserted that limitations barred Medina's suit.  *Id.*

The basis of the physicians' argument was that Medina should have filed suit by midnight on the day before his 20th birthday.  *Id.*  The court of appeals rejected this argument and held that Medina had through the day of his 20th birthday to file suit.  *Id.*

---

[10]     49 S.W.3d 393 (Tex. App.—Austin 2000, pet. denied).

Importantly, though, the court's analysis would have been wholly unnecessary had the 75-day pre-suit tolling period applied. After all, Medina served pre-suit notice letters after turning 18 and before re-filing his suit. If these actions entitled Medina to an additional 75 days past his 20th birthday, there was no need to analyze whether the suit filed exactly on his 20th birthday was within the limitations period. *Medina* therefore suggests that when a claimant relies on the tolling provisions of Chapter 16 based on an open courts challenge to the statute of limitations for health care liability claims, the claimant must file suit no later than her 20th birthday and is not entitled to an additional 75-day tolling period based on pre-suit notice.

Here, Appellee sent pre-suit notice letters[11] on March 8, 2013, just three days prior to her 20th birthday. (CR 184-90, 287-94). Appellants contend that if sections 16.001 and 16.003 govern and toll limitations because Chapter 74's limitations provision is unconstitutional as to minors, which is not conceded, Appellee does not get the additional benefit of the 75-day tolling provision in section 74.051(c). Rather, limitations and tolling of limitations in that instance are governed solely by Chapter 16 and not by Chapter 74. Thus, Appellee should have filed suit by her 20th birthday, March 11, 2013. (CR 228). She did not file suit until May 17, 2013, and her suit is barred by limitations. (CR 26-27).

---

[11] Appellants do not concede that the pre-suit notice letters meet statutory requirements, but will assume so solely for purposes of this argument.

While Appellee has suggested that the purpose of the pre-suit notice provisions (encouraging negotiations and settlement prior to suit) would be undermined if she does not receive the benefit of those provisions, Appellee already had the benefit of a negotiation period of two years after her 18th birthday. Further, when a claimant does not give a defendant pre-suit notice with the authorization for release of protected health information, the suit may be abated until 60 days following the receipt of such. *See* TEX. CIV. PRAC. & REM. CODE § 74.052(a); *Schepps v. Presbyterian Hosp. of Dallas*, 652 S.W.2d 934, 938 (Tex. 1983). Thus, a period for negotiation and settlement is not undermined when the plaintiff is not permitted to toll the limitations period. And case law suggests that the notice provisions were intended to protect health care providers more so than plaintiffs. *See Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 72-73 (Tex. 2011). Further, the treatment at issue in this suit occurred in 2005. (CR 31-32). Appellee has never explained why she could not have given notice well before her 20th birthday and engaged in negotiations, nor why she could not have filed suit before her 20th birthday.

Appellee has also urged that by use of the phrase "applicable statute of limitations" in section 74.051(c), the Legislature did not intend to limit tolling to claims falling under section 74.251(a)'s limitations provision. (CR 466-67). But

none of Appellee's previously-cited cases or any other Texas cases have squarely addressed or held as such.

The Legislature first enacted the 75-day pre-suit notice tolling provision in section 4.01(c) of article 4590i. *See* TEX. REV. CIV. STAT. ANN. art. 4590i, § 4.01(c), Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 4.01(c), 1977 Tex. Gen. Laws 2039, 2047. That section also contained the phrase "applicable statute of limitations." *See id.* In using the word "applicable," the Legislature could not possibly have been referring to the limitations provisions in Chapter 16 because *Weiner* was not decided until 18 years later. The Legislature did not have *Weiner* or *Sax*[12] on its radar when it used the term "applicable" because those decisions had not been handed down. Further, with article 4590i and Chapter 74, the Legislature took great effort to draft and pass an entire statutory chapter to govern health care liability claims. Within those acts, the Legislature specified unique statutes of limitations for health care liability claims and that they would apply "notwithstanding any other law." *See* TEX. REV. CIV. STAT. ANN. art. 4590i, § 10.01; TEX. CIV. PRAC. & REM. CODE § 74.251(a). It is simply illogical to conclude that the Legislature—by the use of the phrase "applicable statute of limitations"—meant for the tolling provision of section 74.051 (or section 4.01 of article 4590i) to apply to the limitations provisions governing other claims, such as

---

[12] *Sax v. Votteler*, 648 S.W.2d 661 (Tex. 1983). The statute at issue in *Sax* was article 5.82 of the Insurance Code, which did not have a pre-suit notice provision. *See id.*

those provisions found in sections 16.001 and 16.003 of the Civil Practice and Remedies Code.

Instead, the term "applicable statute of limitations" in sections 74.051(c) and 4.01(c) referred to the fact that, in health care liability claims, the applicable statute of limitations is measured from one of three dates: (1) the occurrence of the breach or tort, (2) the last date of the relevant course of treatment, or (3) the last date of the relevant hospitalization. TEX. CIV. PRAC. & REM. CODE § 74.251(a); *see Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001).

Further, by using the phrase "applicable statute of limitations," the Legislature may have also referred to the fact that the "applicable" statute of limitations might actually be longer than two years, through the clause that allowed minors under the age of 12 to have until their 14th birthday to file suit. TEX. CIV. PRAC. & REM. CODE § 74.251(a); TEX. REV. CIV. STAT. ANN. art. 4590i, § 10.01, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884.

If section 74.251(a) is considered unconstitutional as to minors, Appellee had more than <u>seven years</u> from the date of her treatment within which to file suit or have a suit filed on her behalf. If the statute is unconstitutional, she had the full benefit of two years after her 18th birthday to file suit herself. If Appellee seeks the harbor of Chapter 16 to toll accrual of limitations on her claim until her 18th

birthday, such that she has until her 20th birthday to file suit, no authority provides she may invoke an additional 75-day tolling period through section 74.051(c). Appellee's suit was filed after her 20th birthday, after the limitations period in Chapter 16 had run. Appellee's suit was untimely. This Court should reverse the trial court's order and render judgment that Appellee's suit is barred by limitations and that she take nothing on all claims against Appellants.

## CONCLUSION & PRAYER

This Court should reverse the trial court's order denying Appellants' motions for summary judgment. Appellee filed suit more than seven years after the medical treatment at issue in her claims. The two-year statute of limitations in section 74.251(a) bars Appellee's claims. Appellee has not shown that the statute violates the open courts provision of the Texas Constitution.

But even if section 74.251(a) violates the open courts provision, giving Appellee until her 20th birthday to file suit, she did not do so. Appellee filed suit more than two months after her 20th birthday, rendering her suit untimely and barred by the alternative limitations period in section 16.003 of the Texas Civil Practice and Remedies Code.

Having relied on the limitations and tolling provisions of Chapter 16, Appellee cannot tack on the additional pre-suit notice tolling provisions in Chapter 74. Appellee had two years after reaching majority in which to prepare her suit

and engage in pre-suit negotiations, and has offered no reason why she could not have filed suit by her 20th birthday.

Appellee's suit is barred by the statute of limitations. Thus, the trial court erred in denying Appellants' motions for summary judgment. This Court should reverse the trial court's order and render judgment that Appellee take nothing in all her claims against Appellants.

**THEREFORE**, Appellants Juan Francisco Montalvo, M.D., F.A.C.O.G., Winder N. Vasquez, M.D., Miguel E. Najera, J.D. Executor of the Estate of Miguel E. Najera, M.D., Deceased, and Laredo Regional Medical Center, L.P. d/b/a Doctors Hospital of Laredo respectfully pray this Court grant Appellants' issues on appeal, reverse that portion of the trial court's November 3, 2014 Amended Order denying Appellants' motions for summary judgment, and render judgment that Appellee take nothing in all claims against Appellants. Appellants also pray for all such other and further relief, whether general or special, at law and in equity, as this Court deems just.

Respectfully submitted,

**COOPER & SCULLY, P.C.**


By:   /s/Diana L. Faust
      **DIANA L. FAUST**
      diana.faust@cooperscully.com
      State Bar No. 00793717
      **R. BRENT COOPER**
      brent.cooper@cooperscully.com
      State Bar No. 04783250
      **KYLE M. BURKE**
      kyle.burke@cooperscully.com
      State Bar No. 24073089

900 Jackson Street, Suite 100
Dallas, Texas 75202
TEL:  (214) 712-9500
FAX:  (214) 712-9540

**ATTORNEYS FOR APPELLANTS**

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this Brief of Appellants was prepared using Microsoft Word 2003, which indicated that the total word count (exclusive of those items listed in rule 9.4(i)(1) of the Texas Rules of Appellate Procedure, as amended) is 6,792 words.


/s/ Diana L. Faust
**DIANA L. FAUST**

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of this Brief of Appellants upon all counsel of record as indicated below, on this the 9th day of February, 2015, at the following address:

Mr. Darrell L. Keith                                                    **VIA EFILE**
dkeith@keithlaw.com
Keith Law Firm, P.C.
301 Commerce Street, Suite 2850
Fort Worth, Texas 76102
**Counsel for Appellee**

Mr. James Kevin Oncken                                             **VIA EFILE**
kevin@unolaw.com
Mr. Roger A. Berger
rberger@uzickoncken.com
Uzick & Oncken, P.C.
238 Westcott Street
Houston, Texas 77007
**Trial Counsel for Appellant**
**Juan Francisco Montalvo, M.D.**

Mr. Bruce E. Anderson                                              **VIA EFILE**
banderson@brinandbrin.com
Mr. James W. Veale, Jr.
jveale@brinandbrin.com
Mr. Loren L. Whyte
lwhyte@brinandbrin.com
Brin & Brin, P.C
6223 IH 10 West
San Antonio, Texas 78201
**Trial Counsel for Appellant**
**Winder N. Vasquez, M.D.**

Mr. W. Richard Wagner                          **VIA EFILE**
rwagner@wagnercario.com
Mr. Peter Cario
pcario@wagnercario.com
Wagner Cario, L.L.P.
7718 Broadway, Suite 100
San Antonio, Texas 78209
**Trial Counsel for Appellant**
**Miguel E. Najera, J.D., Executor of**
**Estate of Miguel E. Najera, M.D., Deceased**

Mr. Steven M. Gonzalez                         **VIA EFILE**
Mr. Edward J. Castillo
ecastillo@valleyfirm.com
Gonzalez Castillo, L.L.P.
1317 E. Quebec Avenue
McAllen, Texas 78503
**Trial Counsel for Appellant**
**Laredo Regional Medical Center, L.P.**
**d/b/a Doctors Hospital of Laredo**


                          /s/Diana L. Faust
                          **DIANA L. FAUST**

---

**IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS AT SAN ANTONIO, TEXAS**

---

**JUAN FRANCISCO MONTALVO, M.D., F.A.C.O.G., ET AL.,
Appellants**

**v.**

**GABRIELA LOPEZ,
Appellee.**

---

**On Appeal from the 341st District Court
Webb County, Texas, Cause No. 2013CVT 000841-D3
(Hon. Beckie Palomo)**

---

**APPENDIX TO BRIEF OF APPELLANTS**

---

In compliance with rule 38.1 of the Texas Rules of Appellate Procedure, Appellants Juan Francisco Montalvo, M.D., F.A.C.O.G., Winder N. Vasquez, M.D., Miguel E. Najera, J.D. Executor of the Estate of Miguel E. Najera, M.D., Deceased, and Laredo Regional Medical Center, L.P. d/b/a Doctors Hospital of Laredo submit this Appendix to their Brief of Appellant:

Tab A:    March 19, 2014 Orders Denying Defendants' Motions for Summary Judgments and Traditional Motion for Summary Judgment (CR 587, 599, 611, 623)

---

Tab B:     November 3, 2014 Amended Order Denying Defendants'
           Motions for Summary Judgment and Granting Defendants'
           Motion for Permission to Appeal Interlocutory Order (CR 656-
           661, 677)

Tab C:     January 7, 2015 Order Granting Appellants Petition for
           Permission to Appeal from an Interlocutory Order

D/920637v4

# APPENDIX TAB "A"

CAUSE NO. 2013CVT 000841-D3

| | | |
|---|---|---|
| GABRIELA LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| JUAN FRANCISCO MONTALVO, M.D., | § | |
| F.A.C.O.G, WINDER N. VASQUEZ, M.D. | § | 341ST JUDICIAL DISTRICT |
| MIGUEL E. NAJERA, J.D., EXECUTOR | § | |
| OF ESTATE OF MIGUEL E. NAJERA, M.D., | § | |
| DECEASED, AND DOCTORS HOSPITAL | § | |
| LAREDO, | § | |
| Defendants | § | WEBB COUNTY, TEXAS |

**ORDER DENYING DEFENDANT MIGUEL NAJERA, J.D.'S,
AS EXECUTOR OF THE ESTATE OF MIGUEL NAJERA, M.D.'S
MOTION FOR SUMMARY JUDGMENT**

CAME ON TO BE HEARD on March 5, 2014, the Defendant Miguel Najera, J.D.'S, As Executor of the Estate of Miguel Najera, M.D.'s ("Defendant Najera") Motion for Summary Judgment and the Plaintiff Gabriela Lopez' (the "Plaintiff") response to such motion in the above styled and numbered cause. The Plaintiff and Defendant appeared by and through their respective attorneys of record and announced ready to proceed. After considering the pleadings, the above-referenced Defendant Najera's motion for summary judgment, the Plaintiff's response, the summary judgment evidence, and arguments of Plaintiff and Defendant Najera's counsel, the Court is of the opinion that the above mentioned motion for summary judgment of the Defendant Najera should be denied.

IT IS THEREFORE ORDERED that the Defendant Najera's Motion for Summary Judgment is hereby DENIED.

SIGNED AND ENTERED this the ___19th___ day of March, 2014.

_____
JUDGE PRESIDING

ORDER DENYING DEFENDANT MIGUEL E. NAJERA, J.D., EXECUTOR OF ESTATE
MIGUEL E. NAJERA, M.D.'S MOTION FOR SUMMARY JUDGMENT                    PAGE 1

CAUSE NO. 2013CVT 000841-D3

| | | |
|---|---|---|
| GABRIELA LOPEZ | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| JUAN FRANCISCO MONTALVO, M.D., | § | |
| F.A.C.O.G, WINDER N. VASQUEZ, M.D. | § | 341ST JUDICIAL DISTRICT |
| MIGUEL E. NÁJERA, J.D., EXECUTOR | § | |
| OF ESTATE OF MIGUEL E. NÁJERA, M.D., | § | |
| DECEASED, AND DOCTORS HOSPITAL | § | |
| LAREDO, | § | |
| Defendants | § | WEBB COUNTY, TEXAS |

## ORDER DENYING DEFENDANT
## WINDER N. VASQUEZ, M.D.'S
## TRADITIONAL MOTION FOR SUMMARY JUDGMENT

CAME ON TO BE HEARD on March 5, 2014, the Defendant Winder N. Vasquez, M.D.'s ("Defendant Dr. Vasquez") Traditional Motion for Summary Judgment and the Plaintiff Gabriela Lopez' (the "Plaintiff") response to such motion in the above styled and numbered cause. The Plaintiff and Defendant appeared by and through their respective attorneys of record and announced ready to proceed. After considering the pleadings, the above-referenced Defendant Dr. Vasquez's traditional motion for summary judgment, the Plaintiff's response, the traditional summary judgment evidence, and arguments of Plaintiff and Defendant Dr. Vasquez's counsel, the Court is of the opinion that the above mentioned traditional motion for summary judgment of the Defendant Dr. Vasquez should be denied.

IT IS THEREFORE ORDERED that the Defendant Dr. Vasquez's Traditional Motion for Summary Judgment is hereby DENIED.

SIGNED AND ENTERED this the ___19th___ day of March, 2014.

_____
JUDGE PRESIDING

ORDER DENYING DEFENDANT WINDER N. VASQUEZ, M.D.'S
TRADITIONAL MOTION FOR SUMMARY JUDGMENT                                    PAGE 1

CAUSE NO. 2013CVT 000841-D3

| | | |
|---|---|---|
| GABRIELA LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| JUAN FRANCISCO MONTALVO, M.D., | § | |
| F.A.C.O.G, WINDER N. VASQUEZ, M.D. | § | 341ST JUDICIAL DISTRICT |
| MIGUEL E. NAJERA, J.D., EXECUTOR | § | |
| OF ESTATE OF MIGUEL E. NAJERA, M.D., | § | |
| DECEASED, AND DOCTORS HOSPITAL | § | |
| LAREDO, | § | |
| Defendants | § | WEBB COUNTY, TEXAS |



## ORDER DENYING DEFENDANT LAREDO REGIONAL MEDICAL CENTER, L.P. D/B/A DOCTORS HOSPITAL OF LAREDO (IMPROPERLY NAMED AS DOCTORS HOSPITAL OF LAREDO'S) MOTION FOR SUMMARY JUDGMENT

**CAME ON TO BE HEARD** on March 5, 2014, the Defendant Laredo Regional Medical Center Medical Center, L.P. d/b/a Doctors Hospital Of Laredo (Improperly Named As Doctors Hospital Of Laredo's) ("Defendant DHL") Motion for Summary Judgment and the Plaintiff Gabriela Lopez' (the "Plaintiff") response to such motion in the above styled and numbered cause. The Plaintiff and Defendant appeared by and through their respective attorneys of record and announced ready to proceed. After considering the pleadings, the above-referenced Defendant DHL's motion for summary judgment, the Plaintiff's response, the summary judgment evidence, and arguments of Plaintiff and Defendant DHL's counsel, the Court is of the opinion that the above mentioned motion for summary judgment of the Defendant DHL should be denied.

**IT IS THEREFORE ORDERED** that the Defendant DHL's Motion for Summary Judgment is hereby **DENIED.**

SIGNED AND ENTERED this the 19th day of March, 2014.

_____
**JUDGE PRESIDING**

CAUSE NO. 2013CVT 000841-D3

| | | |
|---|---|---|
| GABRIELA LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| JUAN FRANCISCO MONTALVO, M.D., | § | |
| F.A.C.O.G, WINDER N. VASQUEZ, M.D. | § | 341ST JUDICIAL DISTRICT |
| MIGUEL E. NAJERA, J.D., EXECUTOR | § | |
| OF ESTATE OF MIGUEL E. NAJERA, M.D., | § | |
| DECEASED, AND DOCTORS HOSPITAL | § | |
| LAREDO, | § | |
| Defendants | § | WEBB COUNTY, TEXAS |



### ORDER DENYING DEFENDANT JUAN FRANCISCO MONTALVO, M.D.'S MOTION FOR SUMMARY JUDGMENT

---

**CAME ON TO BE HEARD** on March 5, 2014, the Defendant Juan Francisco Montalvo, M.D.'s ("Defendant Dr. Montalvo") Motion for Summary Judgment and the Plaintiff Gabriela Lopez' (the "Plaintiff") response to such motion in the above styled and numbered cause. The Plaintiff and Defendant appeared by and through their respective attorneys of record and announced ready to proceed. After considering the pleadings, the above-referenced Defendant Dr. Montalvo's motion for summary judgment, the Plaintiff's response, the summary judgment evidence, and arguments of Plaintiff and Defendant Dr. Montalvo's counsel, the Court is of the opinion that the above mentioned motion for summary judgment of the Defendant Dr. Montalvo should be denied.

**IT IS THEREFORE ORDERED** that the Defendant Dr. Montalvo's Motion for Summary Judgment is hereby **DENIED.**

**SIGNED AND ENTERED** this the ___19th___ day of March, 2014.

_____
JUDGE PRESIDING

---

# APPENDIX TAB "B"



CAUSE NO. 2013CVT 000841-D3

| | | |
|---|---|---|
| GABRIELA LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| JUAN FRANCISCO MONTALVO, M.D., | § | |
| F.A.C.O.G, WINDER N. VASQUEZ, M.D. | § | 341ST JUDICIAL DISTRICT |
| MIGUEL E. NAJERA, J.D., EXECUTOR | § | |
| OF ESTATE OF MIGUEL E. NAJERA, M.D., | § | |
| DECEASED, AND DOCTORS HOSPITAL | § | |
| LAREDO, | § | |
| Defendants | § | WEBB COUNTY, TEXAS |

## AMENDED ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION FOR PERMISSION TO APPEAL INTERLOCUTORY ORDER

CAME ON TO BE HEARD on March 5, 2014, the Defendants Juan Francisco Montalo, M.D., F.A.C.O.G.'s, Winder N. Vasquez, M.D.'s, Miguel E. Najera, J.D.'s Executor of the Estate of Miguel E. Najera, M.D., Deceased's, and Laredo Regional Medical Center, L.P. d/b/a Doctors Hospital of Laredo's (collectively the "Defendants") Motions for Summary Judgment, the Plaintiff Gabriela Lopez's (Plaintiff) responses and objections to such motions, and Defendants' replies and objections to such responses in the above-styled and numbered cause (the "cause"). Plaintiff and Defendants appeared by and through their respective attorneys of record and announced ready to proceed. After considering Defendants' motions, Plaintiff's responses, objections, Defendants' replies and objections, summary judgment evidence, and arguments of counsel, the Court determined that the Defendants' motions for summary judgment should be denied and signed and entered its orders denying the Defendants' motions for summary judgment on March 19, 2014.

On May 5, 2014 came on to be heard the Defendants' Motion for Permission to Appeal Interlocutory Order, and the Plaintiff's response to such motion. Plaintiff and Defendants appeared by and through their respective attorneys of record and announced ready to proceed. After considering the

Defendants' motion, Plaintiff's response, and arguments of counsel, the Court determined that the Defendants' motion should be granted and that an amended order denying the Defendants' above-mentioned motions for summary judgment should be signed and entered.

**IT IS THEREFORE ORDERED** that Defendants' Motions for Summary Judgment be and are hereby DENIED.

**THE COURT FINDS** that this Amended Order Denying Defendants' Motions for Summary Judgment (Amended Order) involves controlling questions of law as to which there is a substantial ground for difference of opinion, to wit:

1.  Whether Texas Civil Practices and Remedies Code §§ 16.001 and 16.003 govern the statute of limitations as to Plaintiff's health care liability claim, or Texas Medical Liability Act (TMLA), Texas Civil Practices and Remedies Code § 74.251(a), governs limitations as to Plaintiff's health care liability claim, where it is undisputed that the Plaintiff-claimant was a minor at the time of the health care, medical care, or treatment made the basis of her claims in this cause; and

2.  If Texas Civil Practices and Remedies Code §§ 16.001 and 16.003 govern the statute of limitations as to Plaintiff's health care liability claim, whether TMLA § 74.051(c) applies to further toll Plaintiff's health care liability claim for a period of 75 days following her giving of statutory presuit notice of claim and authorization form for release of protected health information to Defendants pursuant to TMLA §§ 74.051(a) and 74.052.

In denying Defendants' motions for summary judgment through this Amended Order, the Court makes the following substantive rulings on above-stated legal questions presented in Defendants' motions and replies and Plaintiff's responses:

1.  Because TMLA § 74.251(a) is facially unconstitutional and violates Texas Constitution article 1, § 13's Open Courts provision as to minors, Texas Civil Practice and Remedies Code §§ 16.001 and 16.003 govern limitations as to Plaintiff's health care liability claim; and

2.  TMLA § 74.051(c) applies to further toll limitations under Texas Civil Practice and Remedies Code §§ 16.001 and 16.003 for Plaintiff's health care liability claim, for a period of 75 days following her giving of notice and authorization form for release of protected health information to Defendants on March 8, 2013, which was prior to the expiration of the applicable two-year statute of limitations. As applied, TMLA §§ 74.051(c) and 74.052 tolled Plaintiff's health care liability claim until May 22, 2013. Because Plaintiff filed her health care liability claim lawsuit on May 17, 2013, the

applicable statute of limitations does not bar Plaintiff's health care liability claim against Defendants.

**THE COURT FURTHER FINDS** that an immediate interlocutory appeal of this Amended Order on these two issues and the Court's substantive rulings may materially advance the ultimate termination of this litigation in that, if this Amended Order is reversed, Plaintiff's claims must be dismissed with prejudice as barred by the applicable statute of limitations. If this Amended Order is affirmed, Plaintiff's claims will not be barred by limitations and Plaintiff's claims may proceed with prosecution against Defendants in this cause. Therefore,

**ITS IS FURTHER ORDERED** that Defendants' Motion for Permission to Appeal Interlocutory Order is GRANTED as to the legal issues and substantive rulings contained herein, and Plaintiff's objections to the Defendants' Motion for Permission to Appeal Interlocutory Order are hereby DENIED.

**IT IS FURTHER ORDERED** that Defendants are granted permission to pursue an interlocutory appeal of this Amended Order pursuant to Texas Civil Practice and Remedies Code §51.014(d).

**IT IS FURTHER ORDERRED** that this Amended Order vacates and replaces the Orders Denying Defendants' Motions for Summary Judgment signed by the Court on March 19, 2014.

SIGNED AND ENTERED this the ___3___ day of ___November___, 2014.

_____
JUDGE PRESIDING

*GABRIELA LOPEZ v. JUAN FRANCISCO MONTALVO, M.D., ET AL.*

APPROVED AS TO FORM ONLY:

KEITH LAW FIRM, P.C.
301 Commerce Street, Suite 2850
Fort Worth, Texas 76102
T: (817) 338-1400
F: (817) 870-2448
E: dkeith@keithlaw.com


By: _____          _____
     Darrell L. Keith, Attorney-In-Charge          Date Signed
     SBOT NO: 11186000

     ATTORNEYS FOR PLAINTIFF
     GABRIELA LOPEZ


UZICK & ONCKEN, P.C.
238 Westcott Street
Houston, Texas, 77007
T:  (713) 869-2900
F:  (713) 869-6699
E:  kevin@unolaw.com
    rberger@uzickoncken.com


By: *Roger A. Berger*                          9-22-14
    James Kevin Oncken, Attorney-in-Charge  ,  .  Date Signed
    SBOT No. 15280050   *with permission*
    Roger A. Berger, Attorney-of-Record *Diana L. Faust*
    SBOT NO. 02192400   TBN 00793717

ATTORNEYS FOR DEFENDANT
JUAN FRANCISCO MONTALVO, M.D.

*GABRIELA LOPEZ v. JUAN FRANCISCO MONTALVO, M.D., ET AL.*

BRIN & BRIN, P.C.
6223 IH 10 West
San Antonio, Texas 78201
T: (210) 341-9711
F: (210) 341-1854
E: banderson@brinandbrin.com
   jveale@brinandbrin.com
   lwhyte@brinandbrin.com

By: _____          9-19-14
Bruce E. Anderson, Attorney-In-Charge     Date Signed
SBOT NO. 01165969
James W. Veale, Jr., Attorney-of-Record
SBOT NO. 24033296
Lorien L. Whyte, Attorney-of-Record
SBOT NO. 24042440

ATTORNEYS FOR DEFENDANT
WINDER N. VASQUEZ, M.D.

WAGNER CARIO, L.L.P.
7718 Broadway, Suite 100
San Antonio, Texas 78209
T: (210) 979-7555
F: (210) 979-9141
E: rwagner@wagnercario.com
   pcario@wagnercario.com

By: W. Richard Wagner          9-22-14
W. Richard Wagner, Attorney-In-Charge     Date Signed
SBOT NO. 20661130   W/ permission
Peter Cario, Attorney-of-Record   Peter L. Faust
SBOT NO. 24000138          TBN 00793717

ATTORNEYS FOR DEFENDANT
MIGUEL E. NAJERA, J.D., EXECUTOR OF
ESTATE OF MIGUEL E. NAJERA, M.D., DECEASED

*GABRIELA LOPEZ v. JUAN FRANCISCO MONTALVO, M.D., ET AL.*

GONZALEZ CASTILLO, LLP
1317 E. Quebec Avenue
McAllen, Texas 78503
T: (956) 618-0115
F: (956) 618-0445
E: ecastillo@valleyfirm.com

By: _Edward J. Castillo_                 _9-22-14_
Steven M. Gonzalez, Attorney-In-Charge      · Date Signed
SBOT NO. 08131900   *With Permission*
Edward J. Castillo, Attorney of Record *Diana L. Faust*
SBOT NO. 24040658       *TBN 00793717*

ATTORNEYS FOR DEFENDANT
LAREDO REGIONAL MEDICAL CENTER, L.P.
D/B/A DOCTORS HOSPITAL OF LAREDO

COOPER & SCULLY, P.C.
900 Jackson St. #100
Dallas, TX 75202
T: (214) 712-9500
F: (214) 712-9540
E: Diana.Faust@cooperscully.com

By: _Diana L. Faust_                 _9-22-14_
R. Brent Cooper, Attorney-In-Charge      Date Signed
SBOT NO. 04783250
Diana L. Faust, Attorney of Record
SBOT NO. 00793717

APPELLATE COUNSEL FOR DEFENDANTS

APPROVED AS TO FORM ONLY:

KEITH LAW FIRM, P.C.
301 Commerce Street, Suite 2850
Fort Worth, Texas 76102
T: (817) 338-1400
F: (817) 870-2448
E: dkeith@keithlaw.com

By: _____       09.25.2014
    Darrell L. Keith, Attorney-In-Charge       Date Signed
    SBOT NO: 11186000

    ATTORNEYS FOR PLAINTIFF
    GABRIELA LOPEZ


UZICK & ONCKEN, P.C.
238 Westcott Street
Houston, Texas, 77007
T: (713) 869-2900
F: (713) 869-6699
E: kevin@unolaw.com
   rberger@uzickoncken.com


By: _____    _____
    James Kevin Oncken, Attorney-in-Charge    Date Signed
    SBOT No. 15280050
    Roger A. Berger, Attorney-of-Record
    SBOT NO. 02192400

    ATTORNEYS FOR DEFENDANT
    JUAN FRANCISCO MONTALVO, M.D.

# APPENDIX TAB "C"



# Fourth Court of Appeals
## San Antonio, Texas

January 7, 2015

No. 04-14-00803-CV

Juan Francisco **MONTALVO**, M.D., F.A.C.O.G., et al,
Appellants

v.

Gabriela **LOPEZ**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2013-CVT-000841-D3
Honorable Becky Palomo, Judge Presiding

## ORDER

The appellants' petition for permission to appeal from an interlocutory order is GRANTED. TEX. R. APP. P. 28.3. "A separate notice of appeal need not be filed" as "a notice of appeal is deemed to have been filed on [the date of this order]." *Id.* at 28.3(k). This appeal is governed by the rules for accelerated appeals. *Id.*

The clerk's record and reporter's record are due within ten days from the date of this order. *Id.* at 35.1(b). The clerk of this court is directed to file a copy of this order with the trial court clerk. *Id.* at 28.3(k).

_Sandee Bryan Marion_
Sandee Bryan Marion, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of January, 2015.

_Keith E. Hottle_
Keith E. Hottle
Clerk of Court